L. B. OWENS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. In a prosecution for homicide requested charges on the subject of self defense that are abstract and incomplete with reference to the issues involved in the case may be refused.

2. A person attempting to justify a homicide on the ground of self defense must have used all reasonable means within his power, consistent with his own safety, to avoid the danger and to avert the necessity of taking human life.

3. Where the issues in a criminal prosecution are fully and fairly submitted to the jury, and there is ample evidence to sustain the verdict rendered and no errors of law or procedure appear, the verdict will not be disturbed on writ of error.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *J. P. Stokes,* for the State.

WHITFIELD, C. J.—This writ of error was taken to a conviction of manslaughter. The evidence shows that the accused went to the place where the deceased was plowing, and after some words fatally shot the deceased when the deceased had a hammer in his hand with which he threatened the accused. The court refused to give the following charges:

"If you believe from the evidence that the defendant Owens was not the aggressor in the transaction and that Stacey had raised a hammer as testified to and was in the act of throwing a hammer at the accused "the defendant had a right to use such force as was reasonably necessary to protect himself from said assault."

"A man has a legal right to go wherever his legitimate business calls him and if he is assaulted has a right to stand his ground and defend himself."

These charges are abstract and incomplete. A direction that if the jury believed the deceased was in the act of throwing a hammer at the accused "then the defendant had a right to use such force as was reasonably necessary to protect himself from said assault," does not cover the issue in this case.

In order to justify the taking of human life, the accused must have used all reasonable means within his power, and consistent with his own safety, to avoid the danger to avert the necessity of taking human life. Stafford v. State, 50 Fla. 134, 39 South. Rep. 106.

The second charge above quoted is a mere abstraction, and the refusal of the court to give it is not error.

Charges given fairly and fully submitted the issues to the jury.

There is ample evidence to sustain the verdict and no errors of law or procedure appearing, the judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.