Maddox v. State—Syllabus.

---

ED MADDOX, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 7, 1915.

1. An application for a continuance is addressed to the sound discretion of the trial court, and the ruling thereon will not be disturbed by the appellate court unless an abuse of judicial discretion therein to the disadvantage of the complaining party is made to clearly appear.

2. The verdict is sustained by the evidence.

Writ of error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*W. L. Zachary* and *E. T. Davis,* for Plaintiff in Error;.

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The plaintiff in error was convicted of murder in the first degree and took writ of error. It is contended here that error was committed in denying a motion for a continuance and that the verdict is not supported by the evidence.

An application for a continuance is addressed to the sound discretion of the trial court, and the ruling thereon will not be disturbed by the appellate court unless an abuse of judicial discretion therein to the disadvantage of the complaining party is made to clearly appear. Webster v. State, 47 Fla. 108, 36 South. Rep. 584.

The affidavit on which the application was based states that an absent witness "was an eye witness to the murder" and does not state what the absent witness would testify to. There was an eye witness to the homicide who did testify and it does not appear that the absent witness who was outside of the house could have seen the fatal shot fired in the house, therefore his testimony could at best have been merely cumulative, it not appearing that it would have contradicted the testimony of the eye witness who testified.

Error is not made to appear in the order denying a continuance.

The testimony is ample to sustain the verdict, and as no error of law appears the judgment is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.