SALLIE FURLOW, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed Dec. 12, 1916.

1. Further cross-examination of an important State's witness should have been permitted.

2. When the danger apprehended consists of an attack with an open knife in the hands of one approaching, but yet ten or twelve feet distant, it is error in an instruction to add to the statutory "imminent" danger the further words "immediate and then present danger."

Writ of Error to Circuit Court, Taylor County; M. F. Horne, Judge.

Judgment reversed.

*Davis & Diamond,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *Glenn Terrell,* Assistant, for the State.

COCKRELL, J.—Sallie Furlow was convicted of manslaughter and sentenced to serve ten years in the State prison.

Several assignments of error are presented upon the refusal to permit various questions to be answered. We see no possible harm to the defense in the court's refusal to go into the marriage *vel non* of Tom and Kate Wells; the information sought had no possible relevancy to the issues here involved. Some of the questions were subsequently answered in full.

It is not shown that error was committed in rejecting testimony as to a supposed exclamation of Kate Wells just after she was shot. Assuming the exclamation came within the rule of *res gestae,* we are not advised what she is supposed to have said.

We think the defense was entitled to cross-examine the witness J. T. Wilson more fully than was permitted for the purpose of establishing, if it could, his bias or animus against Sallie or her husband. This witness was

in many respects the State's most important witness, and there is testimony that he had theretofore made contradictory statements. Upon his denial of bias or prejudice, it was permissible to inquire of him if he had not upbraided Katie's husband for not trading with the witness.

The serious error committed, and upon which we plant this reversal, is in the court's charge on self defense. Justifiable homicide under Section 3203 of the General Statutes, "When committed in lawful defense, * * * when there shall be a reasonable ground to apprehend a design to commit a felony or to do some great personal injury and there shall be imminent danger of such design being accomplished." It will be noted that the statute uses the word imminent. The judge, however, has amended this by addition to "imminent, immediate and then present danger."

In the instant case there was evidence that Kate Wells inflamed with anger was approaching Sallie, who shot when she was in ten or twelve feet of her. The danger may have been imminent, but it was not immediate and then present. Imminent means near at hand, mediate rather than immediate, close rather than touching. Under the definition as given by the court there could have been no self defense unless Kate was in striking distance.

'An objection to another charge suggests that a line was dropped from a stereotyped instruction. We are not clear whether the omission is due to an oversight of the judge or to a clerical misprision in copying the transcript.

The judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.