HARRY JACQUES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 11, 1923.

1. The rule is that trial courts have a broad discretion in granting or denying applications for continuance of causes, and that their exercise of discretion will not be reversed by an Appellate Court unless it be clearly shown that there has been a palpable abuse of such discretion to the manifest injury of the party against whom it has been exercised. The

rule further requires that applications for continuance in criminal cases shall be more closely and rigidly scanned than in civil causes because of the greater temptation in a criminal case to seek delay.

2. Generally, a continuance will not be granted in a criminal case on account of the absence of a witness as to the good character of the accused.

3. It is not reversible error for a trial court to deny an application for continuance because of the absence of witnesses and inability to obtain their depositions in time for trial during the term, based upon an affidavit of the accused from which it appears that his information with respect to such witnesses and evidence was obtained from a third party who was present at the court but from whom no affidavit in corroboration was offered, and when it further appears that such alleged evidence is either as to the good character of the accused or is negative in character and, if obtained and offered, would not be likely to affect the result.

4. Where the evidence is ample to sustain the verdict and there is nothing in the record to indicate that the jury were influenced by anything other than a due consideration of the evidence, a judgment of conviction will not be reversed, although there may have been technical errors of procedure in the trial of the case.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Affirmed.

S. K. Gillis, for Plaintiff in Error;

Rivers Buford, Attorney General, and J. B. Gaines, Assistant, for the State.

WEST, J.—Plaintiff in error, Harry Jacques, was tried in the Circuit Court of Walton County upon a charge of grand larceny.   The verdict was guilty as charged.   He was adjudged guilty by the court.   To review this judgment writ of error was taken from this court.

Rulings of the trial court denying a motion for continuance and denying a motion to set aside the verdict and grant a new trial are assigned as errors.

After being arraigned counsel for defendant moved the court for a continuance, which was supported by an affidavit of defendant in which he says that "he cannot go safely into trial in the above stated case because of the absence of material witnesses and his inability to obtain the depositions of the said witnesses in time to try the said cause at the present term of this court."   The names and addresses of the absent witnesses were given showing them to be residents of Chicago, Illinois.   It is stated in the affidavit that certain of the witnesses named would testify that he or she "knows the defendant, knows his general reputation in the community in which he has lived for honesty and as a law-abiding person, that said reputation is good;" and that certain other of the witnesses named would testify that they were acquainted with the alleged owner of the stolen property and that "she did not have such a ring as the one alleged to have been stolen, that the financial condition of said party and her husband was such that they were disposing of and had disposed of most of their belongings in order to obtain some things on which to subsist."

The question is whether, conceding the affidavit to be otherwise sufficient (which we do not pass upon), the trial court committed reversible error in overruling the motion for continuance.   In Hall v. State, 70 Fla. 48, 69 South. Rep. 692, this court, speaking through Mr. Justice Taylor,

said: ''The rule is that trial courts have a broad discretion in granting or denying applications for continuance of causes, and that their exercise of this discretion will not be reversed by an Appellate Court unless it be clearly shown that there has been a palpable abuse of such discretion to the manifest injury of the party against whom it has been exercised. The rule further requires that applications for continuance in criminal causes shall be more closely and rigidly scanned than in civil causes because of the greater temptation in the criminal case to seek delay.'' Bolles v. Carson, 73 Fla. 504, 74 South. Rep. 509; Clements v. State, 51 Fla. 6, 40 South. Rep. 432; Pittman v. State, 51 Fla. 94, 41 South. Rep. 385. Ballard v. State, 31 Fla. 266, 12 South. Rep. 865. This court has also held that generally, a continuance will not be granted on account of the absence of a witness to the character of the accused. Ballard v. State, *supra;* McNealy v. State. 17 Fla. 198.

Upon the foregoing authorities it cannot be said that there was an abuse of discretion resting in the trial court in denying the motion to continue the case until evidence of the alleged good character of the defendant could be procured.

With respect to the evidence of witnesses upon the other point, namely, that the alleged owner of the stolen property did not own or possess such property, the defendant, according to the allegations of his affidavit, had obtained his information from a third party who was present, but no affidavit from him, in corroboration of defendant's affidavit, was offered. To say the least, the procurement of this evidence at a later date was speculative. The stolen property was a lady's finger ring. The alleged owner had recently left Chicago, her former residence, traveling by automobile to Walton County, Florida, taking the ring, according to the evidence of herself and her husband, with

her, where it was stolen.  If the witnesses named who lived in Chicago would have testified as defendant had been informed, according to the allegations of this affidavit, that they would testify, and their desposition had been taken, it would have been evidence of a negative character.  Evidence to the effect that these witnesses did not know of the ownership of the ring by the alleged owner and that in their judgment she was not in financial condition to own a finger ring, would be far from conclusive.  Because of the remoteness of the prospect, upon the showing made, of obtaining this evidence at all and of its slight probative value, if obtained and offered, and the improbability, considering the entire case, that it would have affected the result, the trial court can not be held to have abused his discretion in denying the motion for continuance.

There is ample evidence to support the verdict.  The ownership of the stolen property is proved by the direct evidence of the owner and her husband.  The theft by the defendant is equally well established.  The ring was found in his possession immediately after its loss.  The jury heard the evidence and returned a verdict of guilty as charged.  Upon a motion for new trial challenging the sufficiency of the evidence the trial court has given his sanction to this finding.  There is nothing to indicate that the jury were influenced by other considerations than the evidence offered.  Neither of the assignments has been sustained.  So the judgment is affirmed.

WHITFIELD AND TERRELL, J. J., concur.

TAYLOR, C. J., ANL ELLIS, J., concur in the opinion.