CHARLES E. SANFORD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed October 16, 1925.

Petition for Rehearing Denied December 15, 1925.

1. Where the record discloses that three witnesses for defendant, although not in the court room when the case was called for

trial, would be available to give their evidence during the progress of the trial, and it further appears that two of such witnesses were called and did appear and testify in behalf of the defendant, the trial court will not be held in error for denying to defendant time in which to prepare a motion for continuance upon the ground of the absence of such witnesses.

2. Where successive special venires become necessary to complete the panel, each venire in turn must be exhausted in fact before recourse can be had to the jurors summoned on another. This is so for the reason that to permit the calling of jurors from more than one venire in making up the panel, may interfere with the intelligent judgment of the defendant in the exercise of his right of challenge.

3. "Whenever it shall appear to the court that, by reason of challenges or otherwise, a sufficient number of jurors of those drawn and summoned cannot be obtained for the trial of any cause in the Circuit Court, * * * the Court shall draw or cause to be drawn from the box, to be summoned, or shall direct the sheriff to summon from bystanders or from the body of the county, a sufficient number of qualified jurors to complete the panel for the trial of such cause." Sec. 2784, Rev. Gen. Stats., 1920.

4. Jurors summoned and appearing on a venire, which is upon motion quashed by the court, are not thereby rendered ineligible to jury service when summoned upon a valid venire.

5. A picture verified as a true representation of the locality or premises about which testimony is offered, is admissible in evidence to assist the jury in understanding the case.

6. The question of self-defense is one of fact, and where the evidence, though conflicting, is sufficient to sustain the finding of the jury against a claim of self-defense, a verdict of conviction, based upon such finding, will not be disturbed, where the crime charged is proved and it does not appear that the jury were influenced by considerations outside the evidence.

7. Where, taken together, the general instructions and special charges given at the instance of the defendant fairly present the issues upon the facts in evidence, it is not error to refuse other requested charges which are either not applicable or are in substance reiterations of charges given.

A Writ of Error to the Criminal Court of Record for Dade County; Tom Norfleet, Judge.

Judgment affirmed.

*Geo. A. Worley & Son,* and *Thompson, Barns & Thompson,* for Plaintiff in Error.

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, C. J.—By information in the Criminal Court of Record of Dade County, the defendant was charged with the crime of murder in the second degree. To this information a plea of not guilty was entered. The trial resulted in a verdict finding the defendant guilty of manslaughter. There was a motion for new trial, but the trial court denied this motion. To review the judgment imposed, writ of error was taken. There are a number of assignments of error. We will refer to such of them as seem to require consideration.

Several assignments are predicated upon rulings of the trial court, made when the case was called, denying to defendant time in which to prepare a motion for continuance. The ground of this motion, as stated generally, is the absence of three witnesses for defendant. But the record discloses that the witnesses named, although not then in court, would be available to give testimony when required, during the progress of the trial, and that two of them were called and did appear and testify on behalf of defendant.

It has frequently been held by this court that trial courts have and may exercise a broad discretion in granting or denying applications for continuance, and that the exercise of such discretion in such rulings will not be cause for reversal of the judgment, unless it is clearly shown that there has been a palpable abuse of discretion to the manifest injury of the party against whom it has been exercised.　Jacques v. State, 86 Fla. 137, 97 South. Rep. 380; Maddox v. State, 69 Fla. 695, 69 South. Rep. 20; Hagan v. State, 66 Fla. 268, 63 South Rep. 443.

The second question, embraced in several assignments, is that there was error in the selection of the trial jury. Before a jury was finally selected and sworn, it was necessary to issue three special venires, and it is contended in the brief that the rule previously announced by this court, namely, that where successive special venires become necessary to complete the panel, each venire in turn must be exhausted in fact before resort can be had to jurors summoned on another venire, was not followed.　Collins v. State, 31 Fla. 574, 12 South. Rep. 906.　This rule is obviously sound, for the reason that to permit the calling of jurors from more than one venire, in making up the panel, may interfere with the intelligent judgment of the defendant in the exercise of his right of challenge.　But the record, as we read it, does not sustain this contention.　The first venire was quashed, upon motion of defendant, before the second was drawn, the ground of the motion not going to the question of the qualification or competency of the persons summoned as jurors.　The court thereupon, in the proper exercise of its judgment, ordered a second venire of four men from the body of the county.　Sec. 2784, Rev. Gen. Stats. 1920; Mendenhall v. State, 71 Fla. 552, 72 South. Rep. 202; Colson v. State, 51 Fla. 19, 40 South. Rep. 183; Ford v. State, 44 Fla. 421, 33 South. Rep. 301.　Four of the men who had been summoned on the first venire were

summoned on the second venire, but this is not a resort to the former venire. That venire having been quashed, had ceased to exist, but jurors summoned and appearing in response to it were not rendered ineligible to jury service when summoned upon a valid venire. State v. Haney, 151 Mo. App. 251, 132 S. W. Rep. 55; Reynolds v. Commonwealth, 133 Va. 760, 112 S. E. Rep. 707; Hisaw v. State, 13 Okla. Cr. 484, 165 Pac. Rep. 636. No question is made upon the third venire required to complete the panel.

There was no error in admitting in evidence a picture, identified as a true representation of the premises where the homicide occurred. Adams v. State, 28 Fla. 511, 10 South. Rep. 106; Young v. State, 85 Fla. 348, 96 South. Rep. 381. Nor was there error in the ruling denying defendant's motion for a verdict of acquittal. A defendant is not entitled as of right to an instruction to the jury to return a verdict of not guilty. Simon v. Finlayson, 79 Fla. 254, 84 South. Rep. 95; Drayton v. State, 78 Fla. 254, 82 South. Rep. 801; Hughes v. State, 61 Fla. 32, 55 South. Rep. 463.

The defendant, at the time of the attempted arrest of the accused, was an officer of the town of Silver Bluff. The charge was a misdemeanor.

Several instructions on behalf of defendant were requested, which were refused, and error is predicated on these rulings. The following requested instruction was given: "As a general rule in the case of a misdemeanor an officer has no right, except in self-defense, to kill the offender, either in attempting to make an arrest, or in preventing his escape after arrest. The possible excuse of self-defense is generally absent if the person whose arrest is sought is running away and not offering resistance at the time he is shot, and the killing of a fleeing person under such circumstances would amount to murder.

Yet, when an officer while lawfully arresting a person charged with the commission of a misdemeanor is resisted by armed force, he is not compelled to retreat, but may use such force as will enable him to overcome the resistance offered him, even to the extent of taking the life of the offender, if he is actually resisting to such an extent as to place the officer in danger of his life or of great bodily harm.''

The warrant was presented and the arrest made in the home of the deceased, in the presence of his family. There is some evidence of resistance then to the officer. But at the time of the killing by the defendant, the deceased had gone out of the house and had gotten into his automobile ostensibly to drive away. While in the automobile he was shot by the defendant, four bullets penetrating his body and limbs from the effect of which his death immediately ensued. There is some dispute upon the point of whether the deceased, at the time he was shot, was preparing to alight from the automobile, for the purpose of offering further resistance. But the question of self-defense is one of fact, which was, under appropriate instructions, submitted to and passed upon by the jury.

The quoted charge, given at the instance of defendant, considered with the general instructions, fairly presented the issue to the jury, and there is no suggestion that the jury were influenced by anything other than a due consideration of the evidence.

No assignment of error presents reversible error. So the judgment is affirmed.

ELLIS AND TERRELL concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the Opinion.