GEORGE YARBOROUGH, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed July 11, 1927.

Petition for Rehearing Denied October 14, 1927.

144

*Jones & Jones,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant, for the State.

ELLIS, C. J.—George Yarborough was convicted of an assault with intent to commit a felony upon an information charging him and another with that offense. The information contained four counts. The first charged the plaintiff in error with assault upon Herbert M. Iserman, and Dewey Slade as principal in the second degree. The second count charged Slade with the offense and Yarborough as principal in the second degree.

The same order was preserved in the third and fourth counts. The first and second counts alleged that the deadly weapon used was a "budding knife." The third and fourth counts described the weapon used as a "deadly weapon,

to-wit: a sharp instrument, a better description of which is to the solicitor unknown.''

In all counts the offense was alleged to have been committed on April 10, 1926, in Orange County, Florida, and upon Herbert M. Iserman.

Dewey Slade was acquitted but the plaintiff in error was convicted. The verdict rendered was as follows: ''We the Jury Find The Defendant Geo Yarbrough Guilty as charged of assault with intent to murder in second degree. We the Jury find Hughey Slade the defendant not guilty So Say We All.''

The verdict was signed by one of the jury as foreman.

There was an attack upon this verdict by a motion in arrest of judgment and the order of the court denying the motion is discussed under the fifteenth, eighteenth and nineteenth assignments of error.

There was no error in denying the motion. The verdict was sufficiently certain to support the judgment and to operate as a bar to any other prosecution for the same offense. Read in the light of the information, with all fair intendments in its favor, it is clear, certain, unambiguous and imports a definite meaning and intention of the jury. See Johnson v. State, 51 Fla. 44, 40 South. Rep. 678; Johns v. State, 46 Fla. 153, 35 South. Rep. 71; Long v. State, 42 Fla. 612, 28 South. 855; Menefee v. State, 59 Fla. 316, 51 South. Rep. 555; Licata v. State, 81 Fla. 649, 88 South. Rep. 621; Richardson v. State, 72 Fla. 154, 72 South. Rep. 665; O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940; Edwards v. State, 54 Fla. 40, 45 South. Rep. 21; Washington v. State, 55 Fla. 194, 46 South. Rep. 417; Bunch v. State, 58 Fla. 9, 50 South. Rep. 534, 138 Am. St. Rep. 91; 16 C. J. 1099.

The defendant was charged in the information with the offense of assault with intent to commit a felony. The

felony described was assault with intent to commit murder in the first degree. The offense of murder in the first degree includes the lesser degrees. See Riggins v. State, 78 Fla. 459, 83 South. Rep. 267.

It was unnecessary to allege the degree of murder intended. See Davis v. State, 35 Fla. 614, 17 South. Rep. 565.

There is no difference in the character or degree of offense between that with which the defendant was charged and that of which he was found guilty. See Sec. 5063, Revised General Statutes; Edwards v. State, 54 Fla. 50, 45 South. Rep. 21.

It is clear that the jury by its verdict found the defendant guilty of an assault with intent to commit a felony punishable by life imprisonment. It is also clear that the defendant was found guilty as principal in the first degree; although if there was doubt on this point created by the language of the verdict it would be immaterial, as principals in the first and second degrees are each guilty of the same degree of offense. See Brown v. State, 82 Fla. 306, 89 South. Rep. 873.

The motions for continuance were without merit and there was no error in overruling them. It would seem that this Court has sufficiently discussed the rule pertaining to continuances in criminal cases to be universally known among the members of the bar throughout the State. From the case of Ahren v. Willis, 6 Fla. 359, to Jacques v. State, 86 Fla. 137, 97 South. Rep. 380, this Court has consistently held that trial courts have a broad discretion in granting or denying applications for continuance of causes and that their exercise of discretion will not be reversed by an appellate court unless it be clearly shown that there has been a palpable abuse of such discretion to the manifest injury of the party against whom it has been exercised.

The motions for a continuance do not appear in the bill

of exceptions at all. There is merely a recital of them supported by the affidavit of the defendant Yarborough. The affidavit is lacking in many important particulars. The offense was committed on April 10, 1926, the information filed on the 14th of the same month, and the defendant brought to trial on the 24th of May following. There is nothing to explain the lack of diligence in procuring the two witnesses who were said to be absent. The evidence which he intended to produce through them was cumulative. There was no statement as to how the affiant knew they would testify as he stated. One of the witnesses was in the State of Georgia and no effort was made to explain by what means the presence of that witness was to be secured at another trial which were not available at this.

The assignments of error which attack the sufficiency of the evidence to support the verdict are not well founded. A discussion of the evidence at any length would be of little or no benefit. The situation presented to the jury and which the evidence was amply sufficient to establish in their minds was one in which an occurrence began in apparent good feeling and a spirit of friendliness for a person whose automobile had turned over in the streets of Winter Garden. A woman was driving the machine. She was not injured and left it in charge of Iserman, the person assaulted, while she went after assistance.

As is usual in such circumstances, an automobile accident, many people assembled at the scene; some willing to help, others merely curious and doubtless others ready to pick up anything of value that might be lying around. Iserman, probably zealous to protect the property, used abusive language to some who manifested a curiosity in the comfort of the rear seat of the car too keen to be disinterested. His remarks may have been general and probably called for some reply but there was apparently no occasion

for the use of knives or other deadly weapons. Even if Iserman struck the defendant with the hand there seemed to be no justification in the use of a knife by the defendant. In any event the jury accepted the story as told by the State's witnesses, and although the other defendant was willing to participate the jury probably thought his movements were just slow enough that he escaped being implicated in the assault by his brother-in-law.

There was no reason whatsoever for the murderous assault although there may have been indiscreet and improper language from the person in charge in endeavoring to account for the interest of some of the bystanders in the personal articles in the automobile among which there was some evidence of a purse containing a small sum of money.

There is no merit in the assignment that the information did not contain the names of any of the State's witnesses nor have them indorsed on the back of it. See Hathaway v. State, 32 Fla. 56, 13 South. Rep. 592; Padgett v. State, 64 Fla. 389, 59 South. Rep. 946.

The charge of the court was sufficiently clear and full to secure consideration by the jury of all the rights of the defendant. The jury was instructed upon the law of self-defense and reasonable doubt and the instructions were applicable to the evidence. Those requested by the defendant and refused were in some instances more full but not more comprehensive. The first, for instance, stated that if the evidence on the subject of self-defense raised a reasonable doubt in the minds of the jury it was sufficient for an acquittal whether the jury was satisfied on the point or not. The general charge embraced the same rule. The jury were told that the State should prove every material allegation to the jury's satisfaction beyond a reasonable doubt; that the defendant was entitled to the benefit of every reasonable doubt which might arise from the evidence and that

he was justified under the law if he struck the person assaulted in lawful defense of himself.

An examination of the entire case does not reveal that any error complained of resulted in a miscarriage of justice. The verdict was conformable to law and the evidence. The defendant was defended by counsel. There were no objections or exceptions to the evidence adduced and the jury was impartial.

The judgment of the court is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.