TIGE SCHOLL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed December 17, 1927.

*DeCottes & Spencer,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was convicted of assault with intent to commit murder in the second degree. The only question presented by the assignments of error as argued by counsel for plaintiff in error challenges the sufficiency of the evidence. The judgment should be affirmed on authority of the opinion in the case of the State v. Lindsey, 88 Fla. 135, 101 Sou. 273, in which the Court say:

"The law of justifiable homicide by self-defense has many times been set forth in decisions of this Court. There must be reasonable grounds to apprehend a design to commit a felony or to do some great personal injury, and there shall be imminent danger of such design being accomplished. 'Imminent means near at hand, mediate rather than immediate, close rather than touching.'"

The one interposing the defense must not have wrongfully occasioned the necessity; he must have used all reasonable means in his power, consistent with his own safety, to avoid the danger and to avert the necessity of taking human life; the circumstances must be such as to induce a reasonably cautions and prudent man to believe that the danger was actual and the necessity real in order that the slayer may be justified in acting upon his own belief to that effect. See Land v. State, 44 Fla. 105, 32 South. Rep. 896; Furlow v. State, 72 Fla. 464, 73 South. Rep. 362; Yates v. State, 26 Fla. 484, 7 South. Rep. 880; Pinder v. State, 27 Fla. 370, 8 South. Rep. 837, 26 Am. St. Rep. 75; Landrum v. State, 79 Fla. 189, 84 South. Rep. 535; Danford v. State, 53 Fla. 4, 43 South. Rep. 593; Owens

v. State, 64 Fla. 383, 60 South. Rep. 340; Doke v. State, 71 Fla. 633, 71 South. Rep. 917."

And the opinion in the case of Sanford v. State, 90 Fla. 337, 106 Sou. 406, in which the Court say:

"The question of self-defense is one of fact, and where the evidence, though conflicting, is sufficient to sustain the finding of the jury against a claim of self-defense, a verdict of conviction, based upon such finding, will not be disturbed, where the crime charged is proved and it does not appear that the jury were influenced by considerations outside the evidence."

It is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND BROWN, J., concur in the opinion.