90 So.2d 447 (1956)
Jonas HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division A.
November 7, 1956.
Ernest A. Townsend and Oxford & Oxford, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
THORNAL, Justice.
Appellant seeks reversal of a judgment of guilt and sentence to the State Prison entered pursuant to a verdict of the jury finding him guilty of manslaughter resulting from the culpably negligent operation of an automobile.
We are called upon to determine the correctness of the ruling of the trial court in denying a motion for continuance. We are also requested to pass upon the sufficiency of the evidence to sustain the verdict of the jury.
Sometime around 9:30 p.m. on a clear night, appellant Jonas Henderson was driving his automobile on the highway between Babson Park and Lake Wales in Polk County. In addition to the driver there were four passengers in the car. En route *448 the automobile left the highway at the mouth of a long "S" curve, overturned several times and came to rest at a point approximately 366 feet from the pavement. Two of the passengers were killed. The evidence that went to the jury showed that the car was travelling between 80 and 100 miles per hour as the driver approached the curve. Appellant was thoroughly familiar with the road. He knew the location of the curve. He admitted that he had previously attempted to negotiate the curve at 60 miles per hour. He agreed that it couldn't be done at 100 miles per hour. He also admitted that he "knew it was bad". One witness testified that upon approaching the curve, he warned appellant to "slow down". Appellant himself offered testimony to the effect that one of the deceased passengers grabbed the steering wheel just before he entered the curve. He states that this caused him to lose control of the car.
All of the evidence went to the jury, which brought in a verdict of guilty and recommended mercy. A ten-year sentence to the State Prison followed. Reversal of the judgment of guilt is now sought.
Appellant contends that the trial judge committed error in denying his motion for a continuance made on the opening day of the trial. He further seeks reversal on the proposition that culpable negligence to sustain a manslaughter conviction cannot be established by speed alone. He asserts that there was no other evidence of negligence to justify the conviction.
The State contends that the trial judge did not abuse his discretion in denying the motion for continuance and further that the evidence is more than adequate to sustain the verdict of the jury.
On the morning set for the trial, appellant moved for a continuance on the ground that one of his witnesses was ill and could not appear. The absent witness was the employer of the appellant. It was shown that he would testify as to appellant's good reputation and character. According to the order denying the motion, appellant failed to show that the absent witness could have made any other contribution to the evidence. The reputation or character of the appellant was not otherwise put in evidence.
Admittedly, a motion for a continuance is addressed to the sound discretion of the trial judge. The exercise of this discretion will not be disturbed in the absence of a showing of abuse. Ordinarily, it is not reversible error to deny a motion for a continuance to enable a defendant to obtain evidence as to his character or reputation. 22 C.J.S. Criminal Law, § 488(b) (3). We ourselves have held that generally a continuance will not be granted on account of the absence of a witness to the character or reputation of the accused. Jacques v. State, 86 Fla. 137, 97 So. 380. This is especially the rule where no issue is created on the subject.
In the instant case the record fails to reveal any issue on the reputation or character of the appellant. We cannot find that the trial judge abused his discretion in denying the motion for continuance.
Relying on our definition of "culpable negligence" in Cannon v. State, 91 Fla. 214, 107 So. 360, appellant contends that the evidence showed only excessive speed. He then asserts that under Miller v. State, Fla. 1954, 75 So.2d 312, excessive speed alone is insufficient to sustain a conviction of manslaughter for a homicide resulting from the operation of an automobile. It is true that in Miller v. State, supra, we held that a speed of 40 to 45 miles per hour under the circumstances there evident was not sufficient, standing alone, to sustain the manslaughter conviction. However, we there pointed out that one rate of speed may well be reckless and sufficient to constitute culpable negligence under some circumstances while the same rate under other circumstances would not fall in that category. Koger v. Hollahan, *449 144 Fla. 779, 198 So. 685, 131 A.L.R. 886. Likewise, in Preston v. State, Fla. 1952, 56 So.2d 543, we held that excessive speed alone is not necessarily culpable negligence sufficient to sustain a charge of manslaughter. In the same case we pointed out that the proof of excessive speed coupled with other circumstances could be sufficient to show a reckless disregard for the safety of others sufficient to sustain a conviction. See Shams v. Saportas, 152 Fla. 48, 10 So.2d 715, as to gross negligence in a civil case.
In the instant case we have before us a dangerous instrumentality being operated at a speed varying from 80 to 100 miles per hour. The highway was known to be dangerous by the operator of the vehicle. He knew the particular curve and he knew that it was dangerous. He had traveled the curve before. He was aware of the fact that he couldn't make it at this terrific rate of speed. The high speed accompanied by knowledge of the dangerous curve plus an obvious failure to exercise the slightest care for the safety of the passengers was certainly adequate to take this case to the jury. Under such circumstances it was appropriate to deposit with the jury the responsibility of determining whether such conduct constituted culpable negligence sufficient to justify the verdict of guilt. We cannot conclude that the jury committed error in construing all of these factors together as constituting culpable negligence.
Appellant relies on the civil case of Orme v. Burr, 157 Fla. 378, 25 So.2d 870. In that case all of the facts including the alleged excessive speed were likewise considered by a jury. The jury concluded that gross negligence had not been established. We merely affirmed the conclusions reached by the triers of the facts as we do in this instance.
We have examined the other alleged errors including failure of the trial judge to give certain instructions, and the alleged harmful testimony of the witness Hilson to which objection was made and overruled. We find no error in the conduct of the trial judge in either instance.
The judgment is affirmed.
DREW, C.J., HOBSON, J., and KNOTT, Associate Justice, concur.