PER CURIAM.
The defendant was indicted for second degree murder and appeals from an adjudication of guilt and sentence of five years for the crime of manslaughter.
He contends on appeal that reversible error was committed by the court’s denial of his motions for directed verdict and not finding as a matter of law that the death for which he was charged was justifiable as self-defense.
The record reflects that both parties were migrant farm workers; that they had had an altercation on a bus and were separated; that after departing from the bus the decedent struck the defendant with a bottle; that the decedent was stabbed six times with a regular pocket knife by the defendant; and that one of the stab *256 wounds, in the heart, caused his death. There was evidence that there were two episodes of fighting and that both parties stated that they would kill each other. There was also evidence that both parties had been drinking and that the decedent had a blood alcohol content of .160.
The question of self-defense is ordinarily one of fact to be determined by the trier of facts. Scholl v. State, 94 Fla. 1138, 115 So. 43 (1927). We find from an examination of the record that there was sufficient evidence presented to withstand a motion for directed verdict. See Holland v. State, 129 Fla. 363, 176 So. 169 (1937) ; 32 Fla.Jur. Trial, § 100.
The judgment appealed herein is therefore
Affirmed.
BARKDULL, Judge, dissents.