213 So.2d 499 (1968)
Mario MACHIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-992.
District Court of Appeal of Florida. Third District.
August 6, 1968.
Rehearing Denied September 9, 1968.
*500 J. Edward Worton, Key West, for appellant.
Earl Faircloth, Atty. Gen., and David Cerf, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
SWANN, Judge.
Defendant below, Mario Machin, was tried by jury and found guilty of the crime of arson in the second degree.
On appeal Machin argues three points for reversal. He submits that reversible error was committed by the trial court in denying his motion for a continuance or motion for mistrial when one of his material witnesses, his father, collapsed during the trial and was hospitalized. The record reflects that the testimony of this witness, Armando Machin who "apparently had a slight heart failure" was the same, in substance as that proferred of another witness, Gabrial Hernandez, who was present at trial and whose testimony could have been used for the same purpose as that of the witness Armando Machin. This testimony, in general, would have sought to impeach the testimony given by a Deputy Sheriff in Monroe County as to whether any promises of leniency had been made to the defendant if he confessed to the crime.
Generally, a continuance is properly refused when the testimony which would be later produced would only tend to impeach a witness. Samuels v. State, 123 Fla. 280, 166 So. 743 (1936); 17 Am.Jur.2d Continuance § 30. Where the proposed testimony is merely cumulative, the motion and the continuance was properly denied. Smith v. State, Fla. 1952, 59 So.2d 625, 34 A.L.R.2d 772. Under these facts, the refusal by the court to permit proferred impeaching testimony that is merely cumulative is not harmful error. Winner v. Sharp, Fla. 1950, 43 So.2d 634. In addition, the record reflects that there was some doubt as to whether Armando Machin was unable to appear in court later, during the trial. In Sanford v. State, 90 Fla. 337, 106 So. 406 (1925), it was held that where the record disclosed that although a witness was not then in court but that he would be available during the trial, a motion for continuance based on his absence was properly denied.
There has been no showing that the trial court palpably abused its broad discretion in denying the motion for continuance. See Acree v. State, 153 Fla. 561, 15 So.2d 262 (1943); and Samuels v. State, supra, Fla. Stat. § 916.02(2), F.S.A.
Machin contends that the trial court committed reversible error in denying his motion for a change of venue. The record on appeal contains copies of newspaper accounts published in Monroe County, Florida, concerning the activities of the defendant, Mario Machin. The record indicates that he was charged with setting fire to a building owned and occupied by the State's attorney for the Sixteenth Judicial Circuit of the State of Florida. While he was at liberty, on bond, awaiting trial on this charge of arson, he and another person were arrested in Key West, Florida in connection with a murder. Newspaper articles concerning the alleged arson and murder appeared in the local press, proceeding the trial of the appellant, on the charge of arson.
Generally, an application for change of venue is addressed to the sound discretion of the trial court and will ordinarily not be reversed unless there is a showing of a palpable abuse of discretion. See Patterson v. State, 157 Fla. 304, 25 So.2d 713 (1946); and Collins v. State, Fla.App. 1967, 197 So.2d 574.
A review of the newspaper articles does not indicate that they were of such a prejudicial nature as to require reversal. Cf. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). There has been no showing in this record and in the newspaper articles to suggest a reasonable doubt as to the ability of the state to *501 furnish an impartial jury. Adjmi v. State, Fla.App. 1962, 139 So.2d 179 (rev'd on other grounds, Fla. 1963, 154 So.2d 812). We find no reversible error in the denial by the trial court for the motion for change of venue.
The record reflects that three eyewitnesses testified that the man who ran from the location of the fire ran with a limp. The defendant did not take the stand but proferred evidence to the court, in the absence of a jury of his running gait. The court ruled that it would allow the jury to observe the defendant run but if he did so he would then be available to the state for proper cross-examination.
The defendant claims on appeal that this ruling was in error and that he should have been permitted to demonstrate his physical characteristics when running without subjecting himself to general cross-examination by the state.
Under the specific circumstances set forth above, we conclude that this ruling was correct inasmuch as this would have been a form of testimony presented by the defendant to the jury. See Odom v. State, Fla. 1959, 109 So.2d 163; and Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926).
In State v. Mayer, 154 Wash. 667, 283 P. 195 (1929), the defendant, in the presence of jury, wrote out samples of his handwriting on pieces of paper introduced in evidence for purpose of comparison. The trial court ruled that the defendant in so acting was in legal effect "testifying" in his own behalf, notwithstanding the fact that he was not formally sworn as a witness.
By attempting to physically demonstrate before the jury that he did not run with a limp, the defendant would have been submitting testimony in his own behalf and, under these specific circumstances, a right of cross-examination in the state would have been proper. No error was shown in this ruling.
For the aforesaid reason, the judgment of cross-examination in the state would same is hereby
Affirmed.