McCAIN, Judge.
Appellant-plaintiff appeals entry of final judgment for defendants as to liability in a non-jury trial on the complaint of an “unprovoked assault.” We reverse.
Even though we must accept the evidence most favorable to the defendants, nevertheless we must also assess whether the trial judge’s finding is supported by competent substantial evidence and is in accord with law. Midstate Hauling Company v. Fowler, Fla. 1965, 176 So.2d 87. Herein lies the deficiency in this case.
*187 The record establishes that plaintiff and his brother on the day in question entered the U-Tote-M store managed by defendant, Tarzan Arwood, in the late afternoon. Tarzan was outside the store in the parking area. Inside the store, the cash register was manned by Tarzan’s nineteen-year-old son and another young man. They were behind a U-shaped counter on which the cash register was located.
Plaintiff selected and paid for a six-pack of beer. For some unknown reason except that which appears to occur when drink encounters reason, plaintiff began to direct un-Shakesperean language toward the young men behind the counter. Although the record is not clear in point of time, Tarzan’s son’s friend called the sheriff’s department and reported the incident. Tarzan, hearing the commotion generated by this vile, abusive and vitriolic tirade, came inside, joined his son and inquired as to the problem. In summary fashion he was included in the verbal altercation. Tarzan then told plaintiff to leave. The retort was that plaintiff would kill all three of them behind the counter. At this juncture, even though no attempts were made by plaintiff to carry out such a threat, Tarzan proceeded to the back of the store, got a twenty gauge, single-barrel shotgun, returned to the counter and while holding the shotgun told plaintiff again to leave. Tarzan was flanked by his son and friend behind the counter, and plaintiff by his brother in the aisle, who was urging plaintiff to leave.
Plaintiff answered that he would take the shotgun away from Tarzan and use it on him, whereupon plaintiff put his left leg on the counter as if to go across and threw the beer. Simultaneously, Tarzan shot him, inflicting a wound in plaintiff’s left hip.
Tarzan’s son and his friend testified they feared for their lives, and Tarzan stated he shot the plaintiff to protect himself and the young men.
In holding for the defendants, the trial judge made the following findings:
“On the evidence presented, the Court finds that the Defendant Arwood was acting in the scope of his employment at the time of the incident in which the Plaintiff was injured when he was shot by the Defendant Arwood in the store of the corporate Defendant. The Court further finds that under the circumstances and facts surrounding the incident, the Defendant Arwood acted reasonably and in self-defense, and that a reasonable man would have so reacted to the hostile and bellicose actions directed toward the Defendant Arwood by the Plaintiff at the time of the incident.”
We accept the first part of these findings, but disagree with the latter conclusion.
In a civil action for assault and battery the general rule is that one who uses force exceeding that privileged to use, even though acting in self-defense, is liable for the excessive force. Stated another way, one may become liable and subject to an action for assault and battery for the excessive violence and unnecessary force used in withstanding an assault. The manner and method of the force used and the entire circumstances surrounding it are to be considered. 6 Am.Jur.2d, § 162 Assault & Battery, at 136, 137.
The general text, 3 Fla.Jur., Assault & Battery § 20 at 118 states:
“ * * * The extent of the resistance or the force that may lawfully be used in defense of the person is governed by the violence and nature of the attack. Generally, the force that one may use in self-defense is that which reasonably appears necessary, in view of all the circumstances of the case, to prevent the impending injury, and while a person is not justified in using a dangerous weapon in self-defense where the attacking party is not armed but commits the assault in some manner not essentially dangerous to life or limb, the circumstances may be such in a particular case as to justify a person assailed in using a dangerous weapon to repel the assault.”
*188 In Yarborough v. State, 1927, 94 Fla. 143, 114 So. 237, our supreme court stated:
“Iserman, probably zealous to protect the property, used abusive language * * * His remarks may have been general, and probably called for some reply, but there was apparently no occasion for the use of knives or other deadly weapons. Even if Iserman struck the defendant with the hand, there seemed to be no justification in the use of a knife by the defendant. * * * ”
3 Fla.Jur., Assault and Battery § 19, Provocation, discusses provocation relative to defense as follows:
“Provocation generally is not regarded as justification for assault and battery, and it is the recognized rule that mere words or epithets however gross, abusive, or insulting they may be, and even though spoken with the purpose of provoking an assault, are no defense either to a criminal prosecution or a civil action based thereon. * * * ”
Then, we see in Harris v. State, Fla.App. 1958, 104 So.2d 739, the pronouncement that self-defense requires anyone to avoid use of deadly force when possible and to retreat if necessary, consistent with his own safety. Use of deadly force would be consistent only with a normal person’s belief that danger of death or great personal injury is imminent. See also State v. Coles, Fla.1956, 91 So.2d 200.
In Darty v. State, Fla.App.1964, 161 So.2d 864, the court discussed capricious reactions and stated:
“ * * * The law disparages the kind of ‘self-defense’ which would subject human life to ‘the mercy or cowardice or capricious impulse of one whose easily awakened fear prompts him, who is armed with a deadly weapon, to strike upon what at best may be called a hostile demonstration on his victim’s part.’ Collins v. State, 1925, 88 Fla. 578, 102 So. 880, 881.”
Therefore, we can readily see that a person who uses force in excess of that which he is privileged to use is committing a tort as to the excess. Prosser on Torts, 3d Ed. at 111. Thus, it becomes necessary in the case sub judice to determine whether Tarzan was justified in shooting the appellant because of a reasonable belief that appellant was about to inflict on him serious bodily harm or death, which could have been prevented only by the shooting. We think not.
There is no question but that the appellant used vile and profane language, coupled with threats. However, no overt acts were taken by appellant to carry out the threats. A telephone call was placed to the sheriff’s office. Nevertheless, Tarzan proceeded to arm himself with a shotgun and ordered plaintiff from the premises. This is where the irresistible force met the immovable object, a condition tipped only by the blast from the shotgun. Tarzan’s own inimical attitude and conduct is reflected in the testimony by his answering “I am not that kind of man” in response to the question as to why he did not retreat.
The age, sex and physical condition of these parties, and their friends, further establish the impropriety of the shooting. Without attempting to theorize the numerous ways in which this situation could have been handled, suffice it to say that shooting the plaintiff constituted use of excessive force under a mistaken belief that such was necessary.
Accordingly, the judgment appealed from is hereby reversed and this cause remanded with directions to the trial judge to enter judgment for the plaintiff as to liability.
Reversed and remanded.
CROSS, C. J., concurs.
REED, J., dissents with opinion.