DREW E. HARRIS (Ret.), Associate Judge.
J. P. Irvin, the deceased, was fatally shot by Joseph McLaughlin as the result of an argument which commenced in a cafe managed by McLaughlin, over a two-cent paper cup. McLaughlin, appellant here, was informed against for murder in the second degree, duly tried, convicted of manslaughter and sentenced to ten years in the State Prison. In denying a motion for new trial, the trial judge has placed his approval on the jury verdict of guilty of manslaughter, returned after the trial court had directed a verdict on the greater charge of murder in the second degree.
The sole question raised in this appeal is the sufficiency of the evidence to support the verdict.
The evidence was conflicting as to the time which elapsed from the beginning of the argument and the fatal shooting. It was somewhere between five and fifteen minutes according to the only eye witness giving testimony. She said the decedent had his hand in his pocket the whole time, used abusive language, and finally, just preceding the . shooting said “I’ll blow your brains out.” The evidence is conclusive that the deceased did not have a gun in his possession or any other deadly weapon, and there is no contention otherwise.
The case is a close one. The jury had the advantage of seeing and hearing the witnesses and the defendant testify, observing their conduct and attitude, physical appearance, and the multitude of intangible things that occur during a trial which this court does not have. When the question is primarily one of fact, viz: whether the defendant used more force than was justified under the circumstances,[1] these elements *602 become of great importance in determining guilt. That is the reason for the ancient and universal rule that the jury is the sole judge of the facts. Moreover, the trial judge, after hearing the evidence, heard and denied a motion for new trial thereby telling us th^.t in his judgment the verdict was fair and justified.
On the record we cannot say that the judgment and sentence are contrary to law. That is what we would have to say to set them aside.
Affirmed.
RAWLS, C. J., and WIGGINTON, J., concur.

. “All of the attendant facts are important in determining whether the killing of a person was done in self-defense. The sufficiency of the grounds of belief must depend upon the facts of the particular case as disclosed by the evidence, and is for the jury to determine under appropriate instructions from the court. Whether or not a particular homicide is committed in repulsion of an attack, and, if so, justifiably, are questions of fact, not necessarily dependent upon the duration of quality of the reflection by which the act may have been preceded.” 40 Am.Jur.2d, Homicide, § 155, p. 444; Scholl v. State, 94 Fla. 1138, 115 So. 43 (1927) ; Darty v. State, 161 So.2d 864 (Fla.App.1964) ; see also 40 C.J.S. Homicide § 131, p. 1018.