359 So.2d 28 (1978)
Sheila HOLLAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1302.
District Court of Appeal of Florida, Third District.
May 30, 1978.
*29 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellant Sheila Holland, when tried on an information charging her with the crime of second degree murder, was found guilty of the lesser offense of manslaughter. Upon adjudication of guilt thereof she was sentenced to imprisonment for a term of five years.
The appellant, using a knife, stabbed the victim in the chest. The wound became infected and the victim died five weeks after the incident. This court has considered the several arguments presented on behalf of the appellant and holds no reversible error has been shown.
The ruling of the court denying defendant's motion for continuance made prior to trial was not an abuse of discretion in the circumstances of the case. Amendment of the information and bill of particulars during the trial with reference to the date of the offense, with leave of court, was not error. The information alleged the killing occurred on the date of the wounding of the victim, whereas the death occurred on a date some five weeks thereafter. The defense was not mislead. In State v. Clein, 93 So.2d 876, 879 (Fla. 1957), the Supreme Court said: "And we have held that one date may be alleged and another proved, providing the proof shows the crime committed before the information was filed and within the time of the Statute of Limitations. Horton v. Mayo, 1943, 153 Fla. 611, 15 So.2d 327". See also: Sparks v. State, 273 So.2d 74 (Fla. 1973).
The court did not commit reversible error by sustaining objection by the State to a question by which the defense sought to elicit from an officer a certain statement made by the defendant in his presence. A proffer revealed that the testimony of the officer would be that while in a police car, in the presence of said officer, the defendant had stated that prior to the incident the victim came up behind her and said to defendant that she had a knife and was going to do something to her. It was argued that the exclusion of that testimony operated to the prejudice of defendant's claim of self-defense. Another officer, as a witness for the State, had revealed an inculpatory statement which the defendant had voluntarily made to the police upon interrogation. Exclusion of the testimony sought from the officer was not harmful error. Substantially the same testimony as that which was excluded was later presented in evidence in the testimony of the defendant herself. See: Barton v. State, 72 Fla. 408, 73 So. 230 (1916); Denmark v. State, 95 Fla. 757, 116 So. 757 (1928); Branch v. State, 96 Fla. 307, 118 So. 13 (1928); United States v. Ashley, 555 F.2d 462 (5th Cir.1977).
Denial of defendant's motion to strike the testimony of the medical examiner expressing opinion that the death of the victim resulted from the knife wound inflicted upon her by the defendant, was not error. The witness explained the facts and circumstances upon which he based his opinion. Such an opinion of a medical expert usually involves probability to some degree. To be admissible, a medical expert's opinion as to the cause of an injury or death may be so based, and is not required to be expressed as a certainty. Atkins v. Humes, 110 So.2d 663, 669 (Fla. 1959). The evidence was admissible. The weight to be given to it was a matter to be determined by the jury. See: Vaillancourt v. State, 288 So.2d 216 (Fla. 1974).
We find no merit in appellant's contention that the court erred in denying her motion for directed verdict of acquittal *30 made at the close of the case. The evidence was ample to present for jury decision the issue of self-defense, which is one that ordinarily is for jury determination. Scholl v. State, 94 Fla. 1138, 115 So. 43 (Fla. 1927). As stated in Darty v. State, 161 So.2d 864, 873 (Fla. 2d DCA 1964): "It was of course the function of the jury to determine the credibility of the witnesses and the weight and sufficiency of the evidence" [with reference to the issue of self-defense there]. In Turner v. State, 298 So.2d 559, 560 (Fla. 3d DCA 1974), it was said: "It was the function of the jury to evaluate the appellant's testimony and to decide whether or not to accept his evidence of self defense". In J.Y. v. State, 332 So.2d 643, 644 (Fla. 3d DCA 1976), the court said: "The question of self-defense is ordinarily one of fact to be determined by the trier of fact".
No reversible error having been shown, the judgment is affirmed.