PER CURIAM.
This is an appeal from a conviction and sentence for two counts of aggravated battery and one count of aggravated assault. The defendant Michael Thomas Riley raises two points on appeal: (1) the trial court erred in denying defense motions for judgment of acquittal, and (2) the trial court erred in departing from the sentencing guidelines’ recommended sentence of seven to nine years imprisonment. We affirm in part and reverse in part.
First, we find no error in the trial court’s denial of defense motions for judgment of acquittal. Our review of the record reveals sufficient evidence to send this case to the jury. See Yarborough v. State, 94 Fla. 143, 147, 114 So. 237, 238 (1927); I.R. v. State, 385 So.2d 686, 687-88 (Fla.3d DCA 1980); Denson v. State, 284 So.2d 452 (Fla.3d DCA 1973).
Second, we find error in the trial court’s departure from the sentencing guidelines’ recommended sentence. The sole reason given for the departure was that
“[t]he defendant has a prior record of violence dating back to 1973, consisting of convictions for felonies; including arson, grand theft, burglary and sale of marijuana. He has demonstrated complete disregard for the laws of society and a sentence as recommended by the Sentencing Guidelines would simply not be sufficient deterrent or punishment for this individual and, therefore; this court finds and determines that it is necessary *1237 to go outside the guidelines and impose a sentence accordingly.”
Plainly, the reason given, as stated above, focused primarily on the defendant’s criminal record which was already factored into the defendant’s guidelines sentence. This being so, the reason given for said departure was invalid, and the fifteen-year sentence imposed thereafter must be reversed. Hendrix v. State, 475 So.2d 1218 (Fla.1985); Grooms v. State, 490 So.2d 1053 (Fla.lst DCA 1986); Riggins v. State, 489 So.2d 180 (Fla.1st DCA 1986).
The final judgments of convictions under review are affirmed. The sentences under review are reversed and the cause is remanded to the trial court with directions to impose a sentence within the recommended sentencing guidelines.
Affirmed in part; reversed in part and remanded.