JOSEPHINE TOWNSEND, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Where the count in an information charging embezzlement, upon which a party is tried and convicted is based partly on Sec. 3308, of the General Statutes of 1906, and partly on Sec. 3309, which two sections embrace different bailees, a motion to quash the information should have been granted.

Writ of error to the Criminal Court of Record for Walton County.

The facts in the case are stated in the opinion of the court.

*S. K. Gillis,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

HOCKER, J.—Josephine Townsend was tried, convicted and sentenced in the Criminal Court of Record of Walton County on the third count of an information which is as follows:

"And the said A. G. Campbell, County Solicitor for the County of Walton, prosecuting for the State of Florida in said county, under oath further information makes that one Josephine Townsend alias Josephine Townsell, late of the County of Walton in the State aforesaid, on the 25th day of December in the year of our Lord One Thousand Nine Hundred and Ten at and in the County of Walton aforesaid: did then and there having been entrusted with one gold certificate lawful currency of the United States of America of the denomination of Fifty dollars, and of the value of fifty dollars, by one Martin Mayo, the owner of said gold certificate, she the said Josephine Townsend, alias Josephine Townsell then and there being entrusted with the gold certificate for the purpose of examination, being so entrusted by said Martin Mayo the owner thereof, did then and there unlawfully secrete the same with intent then and there to unlawfully embezzle the same and fraudulently convert the same to her own use the said property having been then and there entrusted and delivered to her as afore-

said and being the subject of larceny, against the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

A motion was made to quash each count of the information for that neither stated any offense against the laws of Florida, and the second and third counts were so drawn as to embarrass the defendant in her defense. This motion was denied, and the ruling assigned as error.

This 3rd count seems to be based partly on section 3308 of the General Statutes in that it charges the gold certificate to have been *entrusted* to the defendant by Martin Mayo, and partly on section 3309 Id. in that it charges that she *secreted* the property entrusted to her. These two sections it seems to us are intended to embrace different kinds of bailees. The first embrances, factors, commission merchants, warehouse keepers, warfingers, wagoners, stage drivers, or other common carrier on land or water, or *any other person with whom any property which may be the subject of larceny is entrusted or deposited by another*. The doctrine of *noscitur a sociis or ejusdem generis* applies to the last clause and must be understood as referring to bailees for hire, not embraced in the enumeration of such bailees first set forth. McGriff, Admr., v. Porter, 5 Fla. 373, text 378; Broom's Legal Maxims (8th. ed.) 452. The other section (3309) evidently refers to a different class of bailees not for hire.

We think the motion to quash this count of the information should have been granted, and we are the more inclined to sustain this assignment because the evidence does not show any *entrusting* of the money to the defendant within the meaning of section 3308

which deals with embezzlement by bailees for hire, nor does it clearly show a *secreting* within the meaning of section 3309.

The judgment below is reversed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCK-RELL, J. J., concur.