JOHN SWILLEY, *Plaintiff in Error*, v. THE STATE OF FLORILA, *Defendant in Error*.

Opinion Filed December 13, 1918.

In a prosecution for larceny on a stated day of "one twenty dollar bill of the lawful money of the United States of America and of the value of twenty dollars, divers ten dollar bills of the lawful money of the United States of America of the value of ten dollars each, divers five dollar bills of the lawful money of the United States of America and of the value of five dollars each, divers one dollar bills of the lawful money of the United States of America and of the value of five dollars each, divers one dollar chattels of one W. C. Knighton and of the total value of one hundred and one dollars," when the verdict is "We the Jury, find the defendant guilty and recommend him to the mercy of the Court, so say we all" such verdict is responsive to a charge of an entire offense in a single count; and a motion in arrest of judgment on the ground that the verdict should state the value of the stolen property is properly overruled.

Writ of error to Circuit Court for Hamilton County; M. F. Horne, Judge.

Judgment affirmed.

*I. J. McCall* and *J. A. Jackson,* for Plaintiff in Error.

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

WHITFIELD, J.—Upon a charge of larceny of "one twenty dollar bill of the lawful money of the United States of America and of the value of twenty dollars, divers ten dollar bills of the lawful money of the United States of America and of the value of ten dollars each, divers five dollar bills of the lawful money of the United States of America and of the value of five dollars each, divers one dollar bills of the lawful money of the United States of America and of the value of one dollar each, all of the goods and chattels of one W. C. Knighton and of the total value of one hundred and one dollars," the jury returned the following verdict: "We, the jury, find the defendant guilty and recommend him to the mercy of the court, so say we all." The defendant moved in arrest of judgment:

"1. Because said verdict does not show nor determine whether said larceny is grand larceny or petit larceny.

"2. Because the verdict fails to name the value of the property stolen.

"3. Because the verdict does not fix the value of the property stolen."

The motion was overruled and Swilley took writ of error to the judgment and sentence imposed as for a felony.

As the verdict should be read with reference to the charge to which it is responsive, the finding necessarily is that the defendant is guilty of the entire offense charged in the single count relating to one act involving the larceny of personal property exceeding twenty dollars in value, making the offense a felony.

Judgment affirmed.

All concur.