J. H. Brock, *Plaintiff in Error*, vs. The State of Florida, *Defendant in Error*.
141 So. 883.
En Banc.
Opinion filed May 26, 1932.

*A. C. Johnson,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

Buford, C.J.—The indictment in this case was in one count, evidently intending to charge embezzlement under the provisions of Section 5143 R. G. S., 7244 C. G. L. It fails to sufficiently charge the offense of embezzlement as denounced by that section when measured by the rule as stated by this Court in the case of Dunkle vs. State, 98 Fla. 985, 124 Sou. 725, in which this Court said:

> · "This third count seems to be based partly on section 3308 of the General Statutes, in that it charges the gold certificate to have been *entrusted* to the defendant by Martin Mayo, and partly on section 3309, Id., in that it charges that she secreted the property entrusted to her. These two sections, it seems to us, are intended to embrace different kinds of bailees. The first embraces factors, commission merchants, warehouse keepers, wharfingers, wagoners, stage drivers, or other common carriers on land or water, or *any other person with whom any property which may be the subject of larceny is intrusted or deposited by*

*another.* The doctrine of 'noscitur a sociis or ejusden generis' applies to the last clause, and must be understood as referring to bailees for hire, not embraced in the enumeration of such bailees first set forth. McGriff, Adm'r., v. Porter, 5 Fla. 373, text 378; Brooms Legal Maxims (8th Ed.) 452. The other section (3309) evidently refers to a different class of bailees not for hire.''

The section there referred to as section 3308 of General Statutes of Florida of 1906 now appears as section 7244 C. G. L. 1927.

The latter clause of section 7244, supra, reads as follows:

''and if any person borrows or hires property aforesaid and embezzles or fraudulently converts it or its proceeds, or any part thereof, to his own use, he shall be punished as if he had been convicted of larceny.''

may be said to define an offense entirely different from that defined by the preceding part of the same section. In other words, this latter clause defines a substantive offense, the commission of which may involve embezzlement. This clause is as effective as if it had appeared in a separate section and has the same force and effect as if it read:

''If any person borrows or hires property which may be the subject of larceny and embezzles or fraudulently converts it, or its proceeds, or any part thereof, to his own use, he shall be punished as if he had been convicted of larceny.''

The indictment in the present case sufficiently charges this latter offense to withstand a motion in arrest of judgment.

Aside from the contention that the indictment was insufficient, it is further contended that the verdict of the jury which reads as follows:

''We the jury find the Defendant Guilty. So say we all.

D. R. Howell, Foreman.''

is not responsive to the indictment. This contention is

untenable because the indictment fails to charge embezzlement by a factor commission, merchant, warehouse keeper, wharfinger, wagoner, stage driver or other common carrier on land or on water, or by any other such bailee, and only charges the offense defined and denounced by the latter clause of the statute as above quoted. Therefore, we shall apply the same rule to the verdict in this case which we have heretofore applied to verdicts under charges of grand larceny.

In Menefee vs. Stage, 59 Fla. 316, 51 Sou. 555, we said:

"A general verdict of guilty on a count charging grand larceny is not fatally defective in form, and will support a conviction for grand larceny."

This enunciation was followed in Swiley vs. State, 76 Fla. 535, 80 Sou. 310, and in Yarborough vs. State, 94 Fla. 143, 114 Sou. 237.

The evidence in this case is conflicting, but those conflicts have been disposed of by the jury adversely to the defendant and as there is substantial evidence upon which the jury could have arrived at the verdict returned, the judgment will not be disturbed because of such conflicts. In the state of record, the judgment must be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.