CITY OF TAMPA v. W. L. COBB CONSTRUCTION COMPANY, *et al.*

185 So. 330.
Opinion Filed December 21, 1938.

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellant;

*Hampton, Bull & Crom,* for Appellees.

BROWN, J.—Appellee, W. L. Cobb Construction Company, a corporation, plaintiff in the court below, was the holder of a paving certificate issued by the City of Tampa and which contained the following guaranty provision:

"The payment of this Certificate and annual interest thereon is hereby guaranteed by the City of Tampa; and in case of non-payment of principal and annual interest at maturity by the owner of property herein described, and the holder or owner of this certificate shall have failed to collect the same by suit, against the property or the owner thereof, the same shall be redeemed by the City of Tampa at the option of the holder of this certificate."

This guaranty provision was authorized by Section 1, Chapter 7249, Special Laws of 1915.

The owners of the real property, upon which the appellee had a lien by virtue of its paving certificate, having failed to pay the installments of principal and interest due on said certificate, appellee instituted its suit for the purpose of foreclosing its lien, but in its bill of complaint it made the City of Tampa a party defendant; alleging: · · ·

"* * * and it is necessary that the City of Tampa be made a party defendant to this suit in order that, at its option, if the property does not bring at forced sale the amount of principal and interest and costs for which the City is liable,

that this Honorable Court may decree that the redemption by the City shall not discharge the lien or assessment against the property described herein, as provided by the Charter of the City of Tampa, under which said certificate was issued, and may direct by appropriate decree that the City redeem said certificate and pay the same."

Appellant, City of Tampa, filed its motion to dismiss the bill upon the principal grounds (a) that the City of Tampa was improperly joined as a party defendant; (b) that the bill fails to show the right to any relief against the city; (c) that the bill and copy of paving certificate conclusively show that the holder of the certificate must first bring a suit, exhaust his remedy against the property and then bring an action against the city for the deficiency, if any.

The court below denied appellant's motion to dismiss, whereupon appellant entered this appeal, assigning as error "That the Court erred in denying the Motion of the defendant, City of Tampa, to dismiss the Amended Bill of Complaint, said Order being made on July 16th, A. D. 1937, and recorded in Chancery Order Book 236, page 69."

The contract entered into between the City of Tampa and the purchaser or holder of its paving certificate is stated in clear and unambiguous terms, and there can be no doubt but that the holder of the certificate must first institute his suit for the purpose of foreclosing his lien against the property, and shall have first failed to collect same by suit against the property or the owner thereof before there can be any redress against the guarantor.

' This Court has laid down the rule that in the construction of a contract of guaranty, if free from ambiguity, the guarantor is entitled to a strict construction in the working out of the intent. In Peoples' Savings Bank & Trust Company v. Landstreet, 80 Fla. 853, 87 So. 227, this Court said:

"If the meaning is clear and free from ambiguity the contract will not be changed by an erroneous construction placed upon it by the parties thereto, and an erroneous construction by them will not prevent the court from giving the true construction.

"The province of the court is to give effect to the contract which the parties have made. 9 Cyc. 590; A. & St. A. Ry. Co. v. Thomas, *et al.,* 60 Fla. 412, 53 South. Rep. 510; St. Paul & D. R. Co. v. Blackmer, 44 Minn. 514, 47 N. W. Rep. 172; Holston Salt & Plaster Co. v. Campbell, *et al.,* 89 Va. 396, 16 S. E. Rep. 274; Sternsberg, *et al.,* v. Brook, *et al.,* 225 Pa. 279, 74 Atl. Rep. 166.

"So that if the language employed in the agreement is free from ambiguity effect will be given to such language, although it may result in placing a construction upon the instrument under consideration different in its effect from the practical construction which may have been placed upon it by the parties themselves."

Aside from the controverted question as to whether the City of Tampa was guarantor or a surety, the terms of the contract, if unambiguous, must be given effect in so far as is legally possible. And it is stated in unmistakable language in the certificate that "in case of non-payment * * * and the holder * * * *shall have failed to collect the same by suit,* against the property or the owner thereof, the same shall be redeemed by the City of Tampa at the option of the holder." See Arnold v. First Savings & Trust Company, *et al.,* 104 Fla. 545, 141 So. 608; 28 C. J., Guaranty, Sec. 80, pp. 935, 936.

The Legislature of 1919 enacted Chapter 7839, Laws of Florida, which authorized the joinder of defendants in suits to foreclose liens, whether the obligation of such defendants was that of endorser of notes, guarantor of debts, or otherwise. But the Legislature of 1927 enacted Chap-

ter 12325, Laws of Florida which repealed the 1919 Act and thereby prohibited the making of party defendants to suits for foreclosing liens, those persons who were only secondarily liable, as has been attempted by the plaintiff in the case at bar.

The case of Delback Investment Company, et al., v. Raff, 102 Fla. 942, 136 So. 683, while not strictly in point, is persuasive by way of analogy. In that case the plaintiff attempted to make the endorser of a mortgage note a party defendant to a suit brought to foreclose a mortgage. This Court held that the lower court should have sustained a demurrer to the bill of complaint raising this objection and dismissed the bill as to the defendant improperly joined. In that case it was said:

"Chapter 7839, Acts of 1919, authorized making all persons parties to foreclosure suits who had any interest in the mortgage or lien or the property mortgaged or upon which the lien existed or who had assumed the obligation to pay the mortgage debt or lien whether as endorser, guarantor or otherwise. This statute was repealed by Chapter 12325, Acts of 1927, and was no longer in force and effect upon the statute books of the State of Florida when the present suit was instituted."

"It therefore appears in this case that Ambrose F. Becker, one of the appellants, was improperly joined as a party defendant in the court below and that his demurrer to the bill of complaint raising the objection should have been sustained and the bill dismissed as to him."

We are of the opinion that appellant, City of Tampa, was improperly joined as a defendant and its motion to dismiss the bill of complaint should have been granted as to the defendant City, because under the terms of its clear and unambiguous written contract, entered into with the holder of the paving certificate, the City has the right to insist

that the remedy of the holder of such certificate must first be exhausted by suit against the property upon which he holds a lien before proceeding against the City.

The order denying appellant's motion to dismiss is therefore reversed, in so far as the defendant City is concerned, and the cause remanded with directions to grant the motion and dismiss the bill as to the City of Tampa.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.