JOHN S. DUNHAM v. STATE.

192 So. 324

Division A

(Consolidated Cases Nos. 5766, 5767)

Opinion Filed November 24, 1939

Rehearing Denied December 15, 1939

*Mitchell D. Price & Charles W. Zaring, Robert S. Florence* and *Jack R. Kirchik,* for Plaintiff in Error.

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, *Robert R. Taylor,* County Solicitor, and *Thos. H. Anderson,* Assistant County Solicitor, for Defendant in Error.

THOMAS, J.—The trial court consolidated two cases pending against the plaintiff in error in the Criminal Court of Record for Dade County and he was tried on the first counts of both informations pursuant to the State's election to proceed in that manner.

They appear identical, except for dates and amounts, and, in effect, charge that the accused was entrusted with money by one J. A. Guyton which was to be used for the sole pur-

pose of investing and trading in the stock market, the net profits to be divided equally between them. It was alleged that, despite this trust agreement, the defendant fraudulently and without knowledge or consent on the part of Guyton, converted the money to his own use.

Chapter 7244 C. G. L. 1927 was relied upon by the State as authority for the prosecution. It is titled: "Embezzlement by bailee, common carrier and hirer," and the portions of it material to the information in this case are:

"If any factor, commission merchant, warehouse keeper, wharfinger, wagoner, stage driver, or other common carrier * * * or any other person with whom any property which may be the subject of larceny is entrusted or deposited by another, shall * * * fraudulently convert the same, * * * to his own use, * * * without the consent of the owner or bailor and to his injury, and without paying to him on demand the full value or market price thereof * * * he shall be punished as if he had been convicted of larceny."

In this appeal the sufficiency of (1) the informations, and (2) the evidence which convinced the jury of the guilt of the defendant, is challenged.

It is evident that it was not intended to charge that the defendant was, in the transaction described in the information, engaged as a factor, commission merchant or in any other of the particular businesses designated in the Act, but that the State depended on the clause "or any other person with whom any property which may be the subject of larceny is entrusted or deposited by another" as including embezzlement by *any* person regardless of the similarity of his occupation to the ones enumerated under the caption "bailee, common carrier and hirer."

The plaintiff in error insists that the doctrine *"noscitur à sociis* or *ejusdem generis"* has been invoked with reference

to this statute, and that the plain expressions in the formal charge show that his position in the transaction detailed did not resemble that of any kind of bailee.

There can be no doubt that the occupations specified are those which are governed by the law of bailments and, we believe, that the broader term "any other person" was meant to refer to one following a like pursuit.

We have examined our former opinions, appearing in Fitch v. State, 135 Fla. 361, 15 South. Rep. 435; and Brock v. State, 105 Fla. 579, 141 South. Rep. 883, and do not find in them any statement which conflicts with this view. In the former the Court, speaking through Mr. Justice BROWN, merely observed that the title and content of Section 7244, *supra*, was intended to "extend the embezzlement statute to cover bailees" and in the latter Mr. Justice BUFORD was dealing with the last clause of the Act as distinguished from the ones preceding it.

In Townsend v. State, 63 Fla. 46, 57 South. Rep. 611, we find this expression:

"This third count seems to be based partly on Section 3308 of the General Statutes in that it charges the gold certificate to have been *entrusted* to the defendant by Martin Mayo, and partly on Section 3309, *Id.,* in that it charges that she *secreted* the property entrusted to her. These two sections, it seems to us, are intended to embrace different kinds of bailees. The first embraces (*sic.*) factors, commission merchants, warehouse keepers, wharfingers, wagoners, stage drivers, or other common carrier on land or water, or *any other person with whom any property which may be the subject of larceny is entrusted or deposited by another*. The doctrine of *noscitur a sociis or ejusdem generis* applies to the last clause and must be understood as referring to bailees for hire, not embraced in the enumeration of such bailees first set forth." 63 Fla., text 48.

The doctrine was defined in *Ex Parte* Amos, 93 Fla. 5, 112 South. Rep. 289:

" ' * * * where an author makes use first of terms each evidently confined and limited to a particular class of a known species of things and then after such specific enumeration subjoins a term of very extensive signification, this term, however general and comprehensive in its possible import, yet when thus used, embraces only things *ejusdem generis,* that is of the same kind of species with those comprehended by the preceding limited and confined terms,' " —and the opinion continued:

"The maxim is a mere specific application of the broader maxim *'noscitur (sic.) a sociis,'* which means that general and specific words which are capable of an analogous meaning being associated together take color from each other so that the general words are restricted to a sense analogous to the less general." 93 Fla., text 15.

Concluding that the words "or any other person" relate to another person engaged in a similar enterprise, we pass to a more thorough examination of the first counts of the informations to decide whether their allegations establish the relationship of bailor and bailee between Guyton and the accused.

The "entrustment of property" was a delivery of money by one to the other with the understanding that it would be invested by him in the stock market and that the net profits would be partitioned equally. Such an arrangement bears few of the earmarks of a bailment. It was a joint adventure in a business with its attendant risk. One party to the agreement furnished the money, the other the services, and each was to participate in the profits. We have examined the definitions of bailment appearing in many of the authorities cited and fail to find them appropriate.

In Corpus Juris Secundum, bailment is defined: " * * * as a delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be." 8 C. J. S., Sec. 1, p. 222.

It is true that some of the characteristics of such a venture may be found in the relationship of bailor and bailee, but considering the agreement in its entirety there were not present all of the elements which were essential to bring the defendant within the scope of the statute denouncing conversion or embezzlement by a bailee.

The testimony in at least two particulars showed a situation inconsistent even with that charged in the information. It was developed that, although funds were advanced in the manner alleged, the defendant gave interest-bearing notes for them and made Guyton beneficiary of a life insurance policy to secure his investment.

No real purpose would be served in elaborating on the law of bailments. We believe it is obvious that no such association was charged or proved and in the absence of such a relationship defendant could not be convicted of crime under the statute to which the State resorted.

The judgment is reversed.

TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.