I hold the view that the verdict of the jury which read: "We, the jury, find the defendant, Loy Barnhill, guilty as charged in the information, so say we all" is legally sufficient as a predicate for the judgment and sentence which was entered consequent thereon by the Circuit Judge. It is my further opinion that such conclusion finds ample support in the following cases: Henderson v. State, 55 Fla. 36, 46 So. 151; Swilley v. State,76 Fla. 535, 80 So. 310; Licata v. State, 81 Fla. 649, 88 So. 621; Bunch v. State, 58 Fla. 9, 50 So. 534, 138 Am.St.Rep. 91; Yarborough v. State, 94 Fla. 143, 114 So. 237 and Richardson v. State, 72 Fla. 154, 72 So. 665.
However, this Court has committed itself to the rule that in a case of this type the verdict of the jury must contain an express finding of the fact of a prior conviction. As has been pointed out by Mr. Justice Sebring, this axiom originally found its way into the law of this State as obiter dictum. Nevertheless, in more than one of our decisions we adopted such rule and we should adhere to it. Consequently, I concur in the majority opinion. However, I do so only because I conceive it to be my duty to yield an individual view and to stand by former holdings of this court. It is my conviction that by so doing I may lend assistance to the stability of the law. Too many split decisions, particularly where they stand 4 to 3, *Page 334 
are not conducive to such stability. Indeed, they tend to encourage vacillation and leave an open door for adventitious ravaging of the doctrine of stare decisis et non quieta movere. It shall be my purpose, insofar as I am able, to avoid such split decisions. I will be a party thereto only in a case where the law has not been definitely established or, if it has been established, I entertain no doubt that the premise therefor is unsound and a real injustice would be effectuated by adhering to it.
I do not believe that there is any sound basis for the rule that the verdict of the jury should contain an express finding of the fact of a former conviction but it appears that such is the established law in this jurisdiction, and no injustice will be wrought by cleaving thereto.
Furthermore, I see no occassion to hold that the judgment and sentence is severable as appears to be the conclusion of Mr. Justice Barns as presented in and by his dissenting opinion. Moreover, I doubt the power of this Court to so hold because Section 12 of the Declaration of Rights declares "No person shall be subject to be twice put in jeopardy for the same offense * * * nor be deprived of life, liberty, or property without due process of law". This criminal case found its way into the Circuit Court only because of the charge of a former conviction. Authority therefor is contained in the prior conviction provision of Section 562.45, F.S.A. Said statute fails to provide for any independent proceeding upon the subject of prior conviction. To this extent it is unlike our statutes, Sections 775.09 and 775.10, F.S.A., which provide severally for punishment for a second and a fourth conviction of a felony. These statutes are followed by Section 775.11, which makes provision for an independent prosecution, at any time after sentence or conviction, of a person who shall have been convicted of one or more crimes which constitute felonies.
The charge of the instant offense and the charge of a former conviction standing together presented a single criminal case with punishment upon conviction on both accusations as for a felony. Of course, the verdict of the jury in a case of this kind might be a finding of guilt of the defendant on only the lesser complaint of an unlawful sale of intoxicating liquor. But if wesustain such a verdict the defendant could not be tried again on the same dual aspect information because he would thus be placed in a position of double jeopardy; nor could he be tried upon the single charge of former conviction for such charge does not state a criminal offense under any law of this State.
Consequently, this case should be reversed and remanded for a new trial upon the original information which contains the two accusations or it should be affirmed.
For the reasons previously expressed herein, I concur in the judgment of reversal.