156 So.2d 680 (1963)
Richard SMITH, a minor, by and through his father and next friend, Olvin J. Smith, and Olvin J. Smith, individually, Appellants,
v.
Herbert NUSSMAN, d/b/a Herbert's 5 & 10 Department Store, Appellee.
No. 63-42.
District Court of Appeal of Florida. Third District.
October 1, 1963.
Rehearing Denied October 22, 1963.
*681 Donald F. March, Miami, for appellants.
Aronovitz, Silver & Scher, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
HORTON, Judge.
The appellants were plaintiffs below and have appealed a final order dismissing their complaint with prejudice.
The appellants alleged in the alternative that the appellee had violated §§ 790.17, 790.18, Fla. Stat., F.S.A., and City of Miami Code # 67-3,[1] by selling a sling shot to one Bruce Thompson, aged thirteen; that while playing with Thompson, the minor appellant was struck in the eye with a stone flung from the sling shot then being used by Thompson, resulting in serious and permanent injury to the minor appellant. The appellants also allege that the injuries proximately resulted from the unlawful sale of the sling shot by the appellee.
The trial judge granted a motion to dismiss the complaint with prejudice upon a conclusion of law that the appellee was not in violation of either of the statutes aforesaid or the Code. He accompanied his order of dismissal with a well reasoned opinion setting out the basis upon which he concluded that the complaint failed to state a cause of action.
Basically the appellants contend that a sling shot is an "other arm or weapon" within the meaning of § 790.17, supra, or in the alternative, that the appellee is a "dealer in arms" within the contemplation of § 790.18, supra; or, alternatively, that a sling shot is *682 a "deadly weapon" as described in City of Miami Code #67-3.
There is no question that under the provisions of § 790.17, supra, if the appellee had sold one of the prohibited weapons to the 13-year-old minor which resulted in injury to him, the appellee would be liable. See Tamiami Gun Shop v. Klein, Fla.App. 1959, 109 So.2d 189. Under like circumstances we feel the application of the same authority would fix liability upon the appellee under the provisions of City of Miami Code #67-3. At this juncture it would be well to eliminate any possible application of § 790.18, supra, in view of its provisions being specifically directed to "any dealer in arms." This is particularly so in this case since the appellants have chosen to identify the appellee as a "retail store for the sale of merchandise to the public and licensed under the Laws of the State of Florida, and the City of Miami." It would take more than judicial legislation to fasten liability on the appellee under the provisions of § 790.18, supra.
As to the remaining state statute and the Code of the City of Miami, we conclude that the sale of the sling shot to the minor in question would not be a violation of either the statute or the Code. The statute describes a "pistol, dirk, or other arm or weapon." Obviously a sling shot is not a pistol or a dirk and, therefore, if it is to be considered within the prohibition of the statute it would be included only by implication as "other arm or weapon." A weapon has been described in American Jurisprudence as "anything used or designed to be used in destroying, defeating, or injuring an enemy  an instrument of offensive or defensive combat." 56 Am.Jur., Weapons, § 2, p. 991.
Under the rule of ejusdem generis, where general words follow an enumeration of things by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. Black's Law Dictionary, Fourth Edition; Dunham v. State, 140 Fla. 754, 192 So. 324. In this instance, applying the rule we conclude that a sling shot is not "other arm or weapon" within the meaning of § 790.17, supra. We do not decide, nor do we think it necessary to decide, whether a sling shot is a weapon under the provisions of § 790.17, but we conclude that if the legislature had so intended that sling shots be included, they would have said so. True, this section of the statute was passed in 1881, but we do not feel at this late date that we are at liberty to read into the statute something the legislature has seen fit to omit. Likewise we do not feel that a sling shot can be characterized as a "deadly weapon" within the meaning of Code # 67-3 of the City of Miami. A dangerous or deadly weapon has been defined as "any instrument which when used in the ordinary manner contemplated by its design and construction will or is likely to cause death or great bodily harm." 56 Am.Jur., Weapons & Firearms, § 2, p. 991. The fact that an instrument actually causes great bodily injury or death does not necessarily characterize it as a deadly weapon for to do so would place any and all instruments, including the human hands, in the category of deadly weapons so long as they produced death or great bodily harm. Certainly a sling shot is not so designed or constructed; nor, when it is used in the ordinary manner contemplated, will it cause death or great bodily harm. Consequently we conclude that the appellants have not alleged a case which brings them within the purview of either of the statutes or the Code of the City of Miami, assuming, of course, that vicarious liability could be imposed under the circumstances existing here.
Concluding as we have that the order of the trial judge dismissing the complaint with prejudice is without error, it follows that the same should be and is hereby affirmed.
CARROLL, J., dissents.
NOTES
[1] § 790.17  Furnishing weapons to minors, etc.

"Whoever sells, hires, barters, lends or gives any minor under sixteen years of age any pistol, dirk, or other arm or weapon, other than an ordinary pocket knife, or a gun or rifle used for hunting, without permission of the parent of such minor, or the person having charge of such minor, or sells, hires, barters, lends or gives to any person of unsound mind any dangerous weapon, other than an ordinary pocket knife, shall be punished by imprisonment not exceeding three months, or by fine not exceeding fifty dollars." [Emphasis supplied]
§ 790.18  Selling arms to minors by dealers.
"It is unlawful for any dealer in arms to sell to minors any pistol, springfield rifle or other repeating rifle, bowie knife or dirk knife, brass knuckles or sling shot, and every person violating this section shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of fifty dollars or by imprisonment in the county jail not more than six months." [Emphasis supplied]
Sec. 67-3, City of Miami Code  Sale or delivery of deadly weapons to minors.
"It shall be unlawful for any person to sell, barter, lend, give or deliver any pistol, dirk or other deadly weapon to any minor under seventeen years of age. It shall likewise be unlawful for any person to sell, barter, lend, give or deliver any pistol, dirk or other deadly weapon to any minor between the ages of seventeen and twenty-one years without the express written approval of one of the parents or the legal guardian of such a minor." [Emphasis supplied]