**MOHASCO INDUSTRIES, INC.,**
Plaintiff-Appellant,

v.

The **MAXWELL COMPANY, Inc., and Irving E. Greenfield, Defendants-**
Appellees.

No. 28193.

United States Court of Appeals,
Fifth Circuit.

April 30, 1970.

James Knight, Miami, Fla., for appellant.

John H. Gunn, Gunn & Venney, Arnold M. Greenfield, Miami, Fla., for appellees.

Before JONES, BELL and GODBOLD, Circuit Judges.

JONES, Circuit Judge:

The appellant in this Florida diversity case is Mohasco Industries, Inc., whose principal place of business is in the state of New York. Mohasco manufactures carpets and sells them through its divisions to independent distributors. This Court is called upon to determine the liability of the appellee, Irving E. Greenfield, on a contract of guaranty given to Mohasco to secure payment for goods sold to The Maxwell Company, Inc., a Florida corporation.

Irving E. Greenfield was an officer and stockholder of The Maxwell Company, Inc., which was a distributor of Mohasco's product in Miami, Florida. In connection with the sale of merchandise to The Maxwell Company, Mohasco prepared, and Greenfield executed on July 29, 1960, a written guaranty of payment which provided that

> "[T]he undersigned, Irving E. Greenfield, * * * does hereby guarantee to the said Mohasco the payment of all accounts or other indebtedness arising out of the sale of merchandise by Mohasco to The Maxwell Company, Inc., and/or Maxwell Company of Washington (Inc.), notes receivable or any other indebtedness *now or hereafter existing* between The Maxwell Company, Inc. and/or Maxwell Company of Washington (Inc.) and Mohasco."

Mohasco, through its divisions, Alexander Smith Carpets and Mohawk Carpet Mills, sold directly to The Maxwell Company carpets priced at $7,031.69. So that Maxwell might do business outside of its own area, Maxwell arranged *to make purchases from other distributors* and Mohasco agreed to take over from these distributors the accounts receivable representing the price of the goods sold by them to Maxwell.

Mohasco was unable to collect the money which Maxwell owed to it. On March 1, 1968, it brought this suit against The Maxwell Company, Inc., seeking to recover the sum of $293,518.-64, which it claimed was due from Maxwell. Irving Greenfield was joined as a defendant on his contract of guaranty. The defendants answered, denying the amount in controversy, and counterclaimed for an unnamed amount. The cause was stayed against The Maxwell Company, which meanwhile had been adjudicated bankrupt, and a default judgment was entered against Greenfield for

failure to comply with a court order for a pretrial conference.

A hearing was held to determine the extent of Greenfield's liability. Mohasco sought to hold Greenfield liable on his guaranty not only for the price of goods sold directly to The Maxwell Company, but also for the accounts receivable resulting from the sale of goods to Maxwell by other distributors. To support its contention that the acquisition of these accounts receivable was covered by the guaranty, Mohasco's credit manager testified that

"Irving Greenfield wanted to distribute merchandise outside of his distributorship, which was in Miami, Florida, and consequently he wanted to move into these other territories and had to buy Mohawk carpets from these distributors. They would not give him credit, and he did not want to deal directly with them, so he made an agreement at his insistence whereby we could collect the account from him; we would get an assignment from our distributor—and this was all done under the prime purpose that would fall under the guaranty that he had—you see, and we were one of the few people who had a personal guaranty from Irving Greenfield, and he said that guaranty would protect us."

The district court found that Maxwell owed Mohasco $293,518.64. Of this amount, $7,031.69 was for the price of merchandise sold directly by Mohasco to Maxwell. The balance, $286,486.95, represented the accounts assigned to Mohasco by distributors who had sold merchandise to Maxwell.

The court concluded that the guaranty given by Greenfield was a special guaranty which should be strictly construed, that it covered goods sold and delivered by Mohasco to The Maxwell Company, and that it was not a guaranty of payment of accounts assigned to Mohasco subsequent to the date of execution. Judgment was entered against Green-

field in the amount of $7,031.69. Mohasco has appealed.

■ In construing the guaranty we are to be guided by the decisions of the Florida courts. It is held by them that the obligations of a guarantor should be strictly construed in favor of the guarantor when the contract of guaranty is free from ambiguity. Scott v. Tampa, 158 Fla. 712, 30 So.2d 300, cert. den. 332 U.S. 790, 68 S.Ct. 99, 92 L.Ed. 372. If ambiguous, it should be construed against the draftsman. Brandon v. Pittman, 117 Fla. 678, 158 So. 443. It is also held that parol evidence should be considered only when the contract is ambiguous. Sears v. Talcott, Fla.App., 174 So.2d 776; Friedman v. Virginia Metal Products Corp., Fla., 56 So.2d 515. The fact that an erroneous construction has been given to the contract by the parties will not preclude the Court from giving the instrument its true construction. City of Tampa v. W. L. Cobb Const. Co., 135 Fla. 630, 185 So. 330; People's Savings Bank & Trust Co. v. Landstreet, 80 Fla. 853, 87 So. 227.

Applying settled rules of construction, the conclusion must be reached that there is no ambiguity in the special guaranty which is before the Court. The appellee, Irving Greenfield, in executing the instrument prepared for him by Mohasco, undertook the payment of Maxwell's obligation to Mohasco for "all accounts or other indebtedness arising out of the sale of merchandise by Mohasco to The Maxwell Company." The undertaking also obligated Greenfield for the payment of "notes receivable or any other indebtedness now or hereafter existing between The Maxwell Company * * * and Mohasco."

■■ The appellate courts of Florida in construing laws, wills and other instruments apply the doctrine of ejusdem generis. The Supreme Court of Florida in construing a statute which incorporated the phrase "factor, commission merchant, warehouse keeper * * * or any other person," held that

"any other person" was limited to businesses of a type related to others specified. Dunham v. State, 140 Fla. 754, 192 So. 324. The language to be construed in the determination of this appeal, "any other indebtedness," is held to mean indebtedness for the purchase price of carpet sold by Mohasco to Maxwell and does not include obligations of Maxwell purchased by Mohasco. The language does not permit a construction which would hold the guarantor Greenfield liable for notes and other types of indebtedness purchased, perhaps at a discount, by a creditor of a failing business enterprise. Since the language is, in the opinion of this Court, free from ambiguity, we cannot give any effect to the testimony on behalf of Mohasco that the parties intended that the guaranty should cover assigned accounts of other suppliers of merchandise to Maxwell.

 If there is doubt as to the meaning of an agreement, it will be considered in the light of the situation existing at the time of the making of the agreement. 7 Fla.Jur. 146, Contracts § 80. Although we have no doubt as to the meaning of the language used in the Greenfield guaranty, it may be observed that the instrument was prepared and executed before the making of the arrangement for buying from other distributors. The inference follows that since such an arrangement was not contemplated, the guaranty of the price of goods purchased pursuant to the arrangement was not intended. The testimony of Mohasco's credit manager does not show a construction of the guaranty by the parties but rather an intent to enlarge its scope. This would not only fall under the prohibition of amending a writing by parol but would be an oral undertaking to pay the debt of another in violation of the statute of frauds. Fla.Stat. § 725.01, F.S.A.

Concluding as we do that the judgment of the district court is correct, it is

Affirmed.