SCHWARTZ, Judge.
We agree with the trial court that the sale to a minor of an ordinary BB gun is *29 not forbidden by either Section 790.17 or 790.18, Florida Statutes (1975). A BB gun, which operates through the release of compressed air, is not an unspecified “other arm or weapon” under Sec. 790.17, see Smith v. Nussman, 156 So.2d 680 (Fla. 3d DCA 1963), nor a “pistol, Springfield rifle or other repeating rifle . . ” under Sec. 790.-18.[1] See Secs. 790.001(5), (6), (13), Fla.Stat. (1975). This conclusion is made clear by the fact that the legislature specifically treated BB guns in Sec. 790.22, Fla.Stat. (1975); see Wyatt v. McMullen, 350 So.2d 1115, 1118 (Fla. 1st DCA 1977), but just as specifically did not include them within the terms of Secs. 790.17-.18.[2] See State ex rel. School Board of Martin County v. Department of Education, 317 So.2d 68 (Fla.1975). Since the alleged violation of these statutory provisions[3] was the only basis of liability asserted by the minor plaintiff against the present defendants-appellees, the retailer and the manufacturer of the BB gun with which he was injured,[4] compare Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla.1959), discharging cert., 109 So.2d 189 (Fla. 3d DCA 1959), the summary judgment entered in their favor below is
Affirmed.

. We do not reach the question of whether a department store like the defendant Zayre’s is a “dealer in arms” to which Sec. 790.18 alone applies. See Smith v. Nussman, supra, 156 So.2d at 682.

. The cases cited by the appellants, State v. Nixon, 295 So.2d 121 (Fla. 3d DCA 1974); Forchion v. State, 214 So.2d 751 (Fla. 3d DCA 1968), and Bass v. State, 232 So.2d 25 (Fla. 1st DCA 1970), deal with the question of when a particular instrument is a “deadly weapon” within the statutory definitions of armed robbery and aggravated assault. They are not pertinent to the present issue.

. No non-statutory common law liability attaches merely to the sale of a BB gun to a person who has not reached 18. Chaddock v. Plummer, 88 Mich. 225, 50 N.W. 135 (1891); see Harris v. Cameron, 81 Wis. 239, 51 N.W. 437 (1892).

.The BB gun in question had been sold by Zayre’s, two months before the accident, to the 13 and 16 year old brothers of the six year old boy who fired it into the plaintiffs eye. He had retrieved it from a high shelf in a closet of their home where the boys’ father had, after it was purchased, ordered it kept. In the light of our disposition of the case we find it unnecessary to decide whether, under these circumstances, the initial sale of the gun to the minor children could have been a.legal cause of the eventual accident. See W. Prosser, Torts § 44 (4th ed. 1971) and cases cited at 288 nn. 49 & 50; cf. Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974), cert. denied, 304 So.2d 450 (Fla.1974).