The Honorable Curtis A. Golden State Attorney, First Judicial Circuit Post Office Box 12726 Pensacola, Florida 32575
Dear Mr. Golden:
You ask substantially the following question:
Is the door-to-door solicitation and sale of books and magazines in excess of $25 at the home of the consumer subject to the permit requirements of s. 501.022, F.S., when the order is paid in full at the time of sale for future delivery and is based upon the solicitor's oral presentation and a one page list of titles only?
In sum, I am of the opinion that:
The door-to-door solicitation and sale of book and magazine subscriptions in excess of $25 is not exempt from the permit requirement of s. 501.022, F.S., when the order is paid in full at the time of sale for future delivery and the sale is conducted by oral presentation and a one page list of titles only.
Section 501.022, F.S., provides that "[i]t is unlawful for any person to conduct any home solicitation sale . . . without first obtaining a valid home solicitation sale permit as provided in this section."[1]
A home solicitation sale is defined for purposes of ss.501.021-501.055, F.S., as:
[A] sale, lease, or rental of consumer goods or services with a purchase price in excess of $25 which includes all interest, service charges, finance charges, postage, freight, insurance, and service or handling charges, whether under single or multiple contracts, made pursuant to an installment contract, a loan agreement, other evidence of indebtedness, or a cash transaction, or other consumer credit transaction, in which: (a) The seller or a person acting for him engages in a personal solicitation of the sale, lease, or rental at a place other than at the seller's fixed location business establishment where goods or services are offered or exhibited for sale, lease, or rental, and (b) The buyer's agreement or offer to purchase is given to the seller and the sale, lease, or rental is consummated at a place other than at the seller's fixed location business establishment, including a transaction unsolicited by the consumer and consummated by telephone and without any other contact between the buyer and the seller or its representative prior to delivery of the goods or performance of the services. It does not include a sale, lease, or rental made at any fair or similar commercial exhibit or a sale, lease, or rental that results from a request for specific goods or services by the purchaser or lessee or a sale made by a motor vehicle dealer licensed under s. 320.27 which occurs at a location or facility open to the general public or to a designated group.[2]
The door-to-door sale of magazines and books would appear to qualify as a sale of consumer goods or services for purposes of the definition of "Home solicitation sale."[3] Thus, the sale of these consumer goods made on a cash basis in excess of $25 at the home of a consumer by personal solicitation is within the scope and intent of the Home Solicitation Act.
Section 501.022(1)(b), F.S., however, excludes certain persons enumerated therein from the operation of that section. Pursuant to s. 501.022(1)(b)4., F.S., "[s]olicitors, salesmen, or agents conducting a sale, lease, or rental of consumer goods or services by sample, catalog, or brochure for future delivery" are exempted from the permitting requirements imposed by s. 501.022, F.S.
According to your letter, the sales of books and magazines are for future delivery.[4] You further state that the sales in question are conducted by oral presentation and a one page list of titles only. The exemption afforded by s. 501.022(1)(b)4, F.S., requires that the sale of consumer goods be by sample, catalog, or brochure. Thus, the sale of books and magazines by oral presentation alone would not appear to exempt the solicitor or salesman from the permitting requirements of s. 501.022, F.S.
The terms "sample, catalog, or brochure" are not defined in the act. However, it is a general rule of statutory construction that where words of common usage are not specifically defined, they are to be given their plain and ordinary meaning.[5] The term "catalog" has generally been defined as "a complete enumeration of items (as of books for sale . . .) arranged systematically in a pamphlet or book often alphabetically and with descriptive details."[6] It is a common rule of statutory construction that the meaning of a particular term may be ascertained by reference to the words associated with them in the statute.[7] The word sample is defined by Black's Law Dictionary (revised ed. 1979) as "A specimen; a small quantity of commodity, presented for inspection or examination as evidence of the quality of the whole." The term brochure is defined by the American Heritage Dictionary of the English Language (New College Ed. 1981) to mean "[a] small pamphlet or booklet."
In the absence of any express legislative intent, the connotation the Legislature attached to the words sample, catalog or brochure would appear to go beyond a written list consisting of not more than magazine and book titles.[8]
In light of the above and in the absence of judicial or legislative clarification, it appears that a one page list of book and magazine titles only, as described in your inquiry would not qualify as a "catalog" as that term is used in s. 501.022(1)(b)4., F.S. Accordingly, I am of the opinion that a solicitor, salesman or agent who conducts a home solicitation sale for future delivery by oral presentation and a one page list of book and magazine titles is not excluded from the permitting requirements of s.501.022, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/ndb
[1] Section 501.022(1)(a), F.S. And see, s. 501.022(2)-(4)(6) and (7), F.S., setting forth the responsibilities of the clerk of the circuit court in issuing home solicitation permits.
[2] Section 501.021(2), F.S.
[3] Although s. 501.021, F.S., does not specifically define the phrase "sale of consumer goods or services," the phrase is defined by the home solicitation rule promulgated by the Federal Trade Commission. See, 16 C.F.R. s. 429.1, Note 1(b) (goods or services purchased, leased, or rented primarily for personal, family, or household purposes). And see, AGO 70-139 stating that goods commercial in nature, i.e., goods used in a business setting, do not fall within coverage of the Home Solicitation Act.
[4] See, s. 501.021(4), F.S., defining "Future delivery" for purposes of the Home Solicitation Act to mean "delivery more than 3 business days after the buyer signs an agreement or offer to purchase." And see, s. 501.021(3), F.S., defining "Business day."
[5] See, e.g., Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984); Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950) (words in statutes should be given meaning accorded them in common usage unless a different connotation is expressed in or necessarily implied from context of statute in which they appear).
[6] Webster's Third New International Dictionary 350 (unabridged ed. 1981). And see, 14 C.J.S. Catalogue p. 34 (a list or enumeration of names, titles, or articles arranged methodically, often in alphabetical order).
[7] See, e.g., Ex parte Amos, 112 So. 289 (Fla. 1927); Dunham v. State, 192 So. 324 (Fla. 1939); State ex rel Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381, (Fla. 1958); Carraway v. Armour and Company, 156 So.2d 494 (Fla. 1963) (The Doctrine of Noscitur a sociis prevails in the interpretation of statutory terms. General and specific words that are capable of an analogous meaning when assembled together take color from each other).
[8] In asserting legislative intent the courts will take into consideration the meaning of terms naturally attaching to terms of a statute from the context in which they are used.