[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16361
_____

D.C. Docket No. 2:09-cv-00021-MEF-CSC

JUDSON WILSON,

Plaintiff - Appellant,

versus

BILLY GENE DOSS,
in his former official and individual capacities,

Defendant,

CITY OF MONTGOMERY,
ART BAYLOR,
in his individual and official capacities,
WILLIAM E. HERMAN,
in his individual and official capacities,
JERRY MCQUEEN,
in his individual and official capacities,
TERRY W. REID,
in his individual and official capacities, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 27, 2014)

Before WILSON and DUBINA, Circuit Judges, and MIDDLEBROOKS,[*] District Judge.

PER CURIAM:

In December 2006, Appellant Judson Wilson was a student at Capital Heights Junior High School, where Corporal Billy Gene Doss, an officer with the City of Montgomery, Alabama, Police Department served as a School Bureau Officer.  That month, Doss sexually abused Wilson in his office at the school.  Doss resigned from the department, confessed to his crimes, and pleaded guilty.  Wilson brought this suit alleging that officers in Doss's chain of command, the city risk manager John Carnell, Doss, and the City are liable under federal and state law for the sexual abuse.  The City and its employees moved for summary judgment, which the district court granted.

This court reviews the district court's grant of summary judgment *de novo*. *Brooks v. Cnty. Comm'n of Jefferson Cnty.,* 446 F.3d 1160, 1161 (11th Cir. 2006). In considering the motion for summary judgment, the relevant inquiry is whether

_____

[*]Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.

the movant is entitled to judgment as a matter of law, based on the record evidence and the inferences therefrom.  Fed. R. Civ. P. 56(c).  The court construes all evidence and reasonable inferences in the light most favorable to the nonmovant, here, Wilson.  *Brooks,* 446 F.3d at 1162.  Summary judgment is appropriate if the record evidence, so construed, raises no genuine issue of material fact.  Fed. R. Civ. P. 56(c).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's grant of summary judgment in favor of the City and its employees based upon the well-reasoned memorandum opinion and order of the district court filed on November 21, 2012.

AFFIRMED.