FEDERICO A. MORENO, UNITED STATES DISTRICT JUDGE
I. Background
This case arises out of a bailment contract between Plaintiff Camerican and Defendant Dependable Warehouse & Distribution, Inc. Camerican is a food importer that hired Defendant, a cold-storage facility operator, to store Camerican's imported frozen vegetables. In August 2014, Defendant's refrigeration units allegedly failed and 6,975 cases of Camerican's vegetables were rendered a total loss as a result. Camerican allegedly submitted a claim to *1331 Defendant for its losses, and in response, Defendant's owner and corporate representative, Manuel Rivas, purportedly advised Camerican that it would file a claim with Defendant's insurer, Hartford Insurance Co., to cover Camerican's loss. Rivas allegedly made several affirmative assertions to Camerican that the claim was being processed. Several months later, after not having heard from Rivas or Hartford, Camerican filed a claim with its own insurer, Affiliated FM Insurance Co., for $114,480.67, Camerican's total loss. Camerican purportedly accepted $92,721.84 from Affiliated to settle the claim, leaving Camerican with $21,758.83 in uninsured losses.
Subsequently, Plaintiffs filed this two-count Complaint. Count I alleges a Breach of Bailment under Florida law. Count II alleges a violation of Florida's Deceptive and Unfair Trade Practices Act. Plaintiffs move for summary judgment with two principal arguments: (1) Plaintiffs are entitled to summary judgment on the breach of bailment claim because they tendered the vegetables to Defendant in good condition, the vegetables sustained temperature abuse while in Defendant's care, and Defendant negligently failed to prevent the temperature abuse; (2) Defendant's pocketing of insurance proceeds received to account for damage to Camerican's vegetables constitutes a violation of Florida's Deceptive and Unfair Trade Practices Act, entitling Plaintiffs to actual damages, plus reasonable attorneys' fees and costs.
II. Legal Standard
Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Adickes v. S.H. Kress & Co. , 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. Celotex Corp. v. Catrett , 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ; Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-movant must present more than a scintilla of evidence in support of the non-movant's position. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A jury must be able to reasonably find for the non-movant. Anderson v. Liberty Lobby Inc. , 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Id.
III. Analysis
Bailment under Florida Law
Under Florida law, bailment is defined as the "delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it..." Monroe Sys. for Bus., Inc. v. Intertrans Corp. , 650 So.2d 72, 75 (Fla. 3d DCA 1994) (quoting Dunham v. State , 140 Fla. 754, 192 So. 324, 326 (1939) ). To establish a prima facie case for bailment, a plaintiff must show "that the bailed property was delivered to the bailee in good condition and that it was damaged while it was in the care, custody, and control of [the] bailee." Parker v. Miracle Strip Boat & Motors Headquarters, Inc. , 341 So.2d 197, 198 (Fla. 1st DCA 1976). "The law imposes on the bailee the burden of showing that he exercised the degree of care required by the nature of the bailment." Clermont Marine Sales, Inc. v. Harmon , 347 So.2d 839, 841 (Fla. 2d DCA 1977). A presumption of negligence arises if the bailee fails to return the property in accordance with the terms of the bailment *1332 agreement and the bailee does not satisfactorily explain such failure or the loss, damage, or disappearance of the property. Id.
The parties do not dispute that a bailment contract arose when Camerican delivered the vegetables to Defendant in exchange for an agreed storage fee. Thus, the question is whether a breach of the bailment contract occurred. Defendant argues that there is no indication that the loss could have been avoided by the exercise of due care. In support, Defendant submits that the damage to Plaintiff's vegetables was due to Florida Power and Light's faulty equipment, which damaged Defendant's refrigeration equipment. Rivas Dep. 56:6-20. Rivas stated that Defendant "act[ed] swiftly" once they realized the damage Florida Power and Light was causing to Defendant's equipment. Rivas Dep. 111: 25-112:1. However, there is no record evidence to support Defendant's contention that it took "swift" action. Rivas admits that there was some fluctuation in temperature in the years preceding the incident in question-never above single digits-but they "correct[ed] the problem immediately." Rivas Dep. 22:1-15. In fact, he admits that "for over a month" Defendant was aware that there was an issue with the power supply at the warehouse because lights fluctuated and flickered, and there was occasionally a "boom" when trucks would hit a light pole outside the warehouse. Rivas Dep. 66:20-67:9. In an email to Angela Scott, claims manager at Sihle Insurance Group-Defendant's insurance broker-Rivas writes that the loss of refrigeration occurred for a period of four days and was due to two blown compressors. Scott Decl. Ex. 3 p. 3.
In Plaintiffs' view, the foregoing is sufficient evidence to give rise to a presumption of negligence. The Court agrees. To defeat summary judgment, Defendant must provide more than a "scintilla of evidence" to defeat the presumption of negligence. Anderson , 477 U.S. at 254, 106 S.Ct. 2505. There is no dispute that the vegetables were not returned to Plaintiff in accordance with the bailment agreement. Rather, the disagreement is whether Defendant's actions-on this record-are sufficient to rebut the presumption of negligence. Simply, Defendant's proffered reasons are insufficient to create a genuine dispute of material fact, because the record is devoid of any action taken by Defendant to mitigate the loss of vegetables when it was made aware of the power outage.
The contract between the parties required that the vegetables be kept at zero degrees Fahrenheit. Defendant admits that, as a result of the power outage, the temperature rose above zero degrees Fahrenheit but did not surpass single digits. In Defendant's view, this is sufficient to defeat the presumption of negligence. It is not. The mere fact that the temperature did not surpass single digits does not answer the question here-whether Defendant exercised the degree of care required by the nature of the bailment. Defendant's blanket assertion that another entity-Florida Power and Light-is responsible for the damage to Camerican's product is insufficient to create a genuine dispute of material fact. Defendant also suggests that they acted "swiftly" upon realizing there may have been damage to their equipment, but do not identify what "swift" actions were taken.[1] Accordingly, Camerican's motion *1333 for summary judgment as to Count I is granted because Defendant has not provided a scintilla of evidence to rebut the presumption of negligence.
Florida's Deceptive and Unfair Trade Practices Act
Next, Camerican moves for summary judgment on its Deceptive and Unfair Trade Practices Act claim by arguing that Defendant's practice of pocketing its recovered insurance proceeds-and lying to Camerican to avoid paying for their damaged vegetables-amounts to a deceptive trade practice under the Act. The Act prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce ..." Fla. Stat. § 501.204(1). A claim for damages under the Act has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. DFG Group, LLC v. Stern , 220 So.3d 1236, 1238 (Fla. 4th DCA 2017).
The contract between the parties provides, in relevant part that "goods are not insured by warehouseman against loss or injury however caused." D.E. 21 Ex. 1, p. 3. Camerican disputes that Defendant did not insure its customers' goods by pointing to an email wherein it states that "Dependable Warehousing is also owned by [Rivas] and they were added as an Additional Insured on the property policy." Scott Decl. Ex. 7. Further, Camerican points to an email from Kari Edwards-the claims handling agent for Underwriters, AmRisc, LLC-in response to an inquiry from Angela Scott, wherein Ms. Edwards explains that $117,087.50 has been paid to Defendant "for spoiled food items." Scott Decl. Ex. 8. In Camerican's view, there is no evidence from which a reasonable juror could find for Defendant. The Court disagrees.[2]
There exists a genuine dispute of material fact as to whether Defendant was obligated to insure Camerican's inventory, which goes to the heart of Camerican's Deceptive and Unfair Trade Practices Act claim. If Defendant attempted to recover under its policy merely to maintain goodwill with its client base, and not because it was contractually obligated to do so, a reasonable juror could find that Defendant's practice was, in fact, not unfair or deceptive. Even if Defendant was contractually obligated to insure Camerican's vegetables, a reasonable juror could still find that Defendant's actions were fair. Accordingly, a genuine dispute of material fact exists as to whether Defendant's actions were unfair or deceptive under the Act and Plaintiff's motion for summary judgment as to Count II is denied.
IV. Conclusion
Plaintiff's motion for summary judgment is granted-in-part and denied-in-part. The motion is granted as to Count I because Defendant has not provided a scintilla of evidence to rebut the presumption of negligence. The motion is denied as to Count II because a genuine dispute of material fact exists as to whether Defendant's actions were unfair or deceptive. Accordingly, it is
ADJUDGED that the motion is GRANTED-IN-PART and DENIED-IN-PART.
DONE AND ORDERED in Chambers at Miami, Florida, this 20th of March 2018.

At oral argument, Defendant's counsel suggested that Defendant called maintenance to fix the freezer motors subsequent to being notified that they were broken. However, that evidence is not a part of the record and thus, the Court will not take it into account. See Wilson v. Doss , 552 Fed.Appx. 970, 971 (11th Cir. 2014) ("In considering the motion for summary judgment, the relevant inquiry is whether the movant is entitled to judgment as a matter of law, based on the record evidence and the inferences therefrom.").

In fact, Defendant would have a strong argument for judgment as a matter of law at trial.